THOMAS *vs.* DOCKINS, administrator, and *vice versa.*

1. Rabun county was laid off originally from an acquisition of territory from the Cherokee Indians, by an act of the general assembly, passed December 16, 1819, and was organized in the same year. In 1828, a part of Habersham was cut off from that county and added to Rabun, in which was included lot 110 of the 13th district of Habersham county:

*Held,* that a levy which described the land levied on as lot No. 110 of originally Habersham, now Rabun county, meant No. 110 of that part which was cut off from originally Habersham and added to Rabun county, and such levy was not void for uncertainty.

2. Where such a levy was made by a constable, and turned over to the sheriff, but the latter, by mistake, described the land in the advertisement and deed as being lot No. 110 of the 5th district of Rabun county, and where the defendant in *fi. fa.* was present at the sale. and with his knowledge, the purchaser, who was the plaintiff in *fi. fa.*, and those holding under him, had been in possession for twelve or fourteen years, equity would correct the mistake in the deed, on a bill filed against the defendant in *fi. fa.* by the holders of the property.

3. Where a movant for a new trial was allowed until the first Tuesday of the next term of court after the trial to file a brief of evidence, but the judge who tried the case was not present at that time, and the motion was continued until the next term thereafter, and the brief of evidence was then approved, there was no error in refusing, on motion, to dismiss the motion for new trial, and in hearing it on its merits.

October 13, 1885.

Rabun County. Deeds. Equity. Mistake. New Trial. Practice in Superior Court. Before Judge ESTES. Rabun Superior Court. March Term, 1885.

Reported in the decision.

CRANE & JONES; C. H. SUTTON, for Thomas.

BARROW & ERWIN; W. L. MARLER, *contra.*

JACKSON, Chief Justice.

This bill was filed by the defendant in error to correct a mistake in a sheriff's deed. The issue is between a pur-

chaser at the sheriff's sale, or rather one holding under such purchaser, and the former owner of the property, as whose it was sold by the sheriff. The grantee of the purchaser, or his representative, brought the bill against the defendant in execution to correct a mistake in the deed, which clouded his title, he being in possession, and having been in possession some twelve or fourteen years, with knowledge in defendant in *fi. fa.*

The deed conveyed " lot 110 in the 5th district of Rabun county," instead of " lot 110 of originally Habersham, now Rabun county," and the prayer is to make the deed speak the last named words, and to enjoin the defendant in execution from disturbing the administrator's possession. The complainant, under the charge of the court, recovered, and the defendant moved for a new trial, the denial of which is the error assigned on the grounds taken in the motion for a new trial.

Two points of error are pressed in this court, first, that the levy, as written and entered, is void for uncertainty; and, secondly, that equity cannot correct such a mistake as is prayed for here.

1. Is the levy void? Rabun county was laid off from an acquisition of territory from the Cherokee Indians by act of the general assembly passed the 16th of December, 1819, (Laws of 1819, p. 23), and was organized the same year, on the 21st of December. Laws of 1819, p. 112. Therefore, it was not carved out of territory previously given to Habersham, but was made out of original territory ceded by the Indians. But on the 20th of December, 1828, a part of Habersham was cut off from that county and added to Rabun, and the words of the levy, to wit, "lot No. 110 of originally Habersham, now Rabun, county," mean 110 of that cut-off which was part of the 13th district of originally Habersham. See acts of 1828, p. 58. So that the levy is certain. It is 110 of this cut-off territory ; therefore 110 of originally Habersham, now Rabun, and therefore 110 of the 13th district of formerly Habersham. It was not 110

of the 5th district of Rabun, because original Rabun was composed of lots in five districts, which were drawn by the lottery authorized by the act of 16th of December, 1819. There is no trouble, therefore, in finding this lot under the description of it in the levy. It must be No. 110 cut off from Habersham, and there is no other 110 cut off from Habersham, or originally Habersham, in Rabun county. Hence the levy is good.

2. But the sheriff altered it when the constable (who turned it over to him for sale as the law required) handed him the papers, and made the mistake in the advertisement and deed of putting in the words "the 5th district of Rabun," and the purpose of the bill is to correct that error in the deed.

The levy being a good and valid levy, and the defendant in execution being present at the sale, as between him and the purchaser, who was the plaintiff in execution, and his feoffees, we do not see how any damage was done him by the advertisement; and that equity, in a clear case on facts, will correct such a mistake in the deed, is well-settled. Code, §§3117, 3118, 3119; Rorer on Jud. Sales, 920; 28 Ark. R., 372.

The facts make this case equal to the stern requirement of our law in Code, section 3117. "The evidence is clear, unequivocal and decisive as to the mistake." Parol evidence is admissible. Code, section 3118. We can see no error, therefore, in the ruling of the court, the verdict of the jury and the decree of the court thereon in respect to the mistake; and in other respects concerning the other defendants to the bill, no exception is taken.

3. The question made in the cross-bill is, whether the motion for a new trial should have been dismissed. The judge denied the motion to dismiss it, and defendant in error to the foregoing main writ of error excepts to that denial.

The movant was allowed till the first Tuesday of the next term after the trial to file his brief of evidence; but

the judge who tried the case not being present, the motion was continued, and then at the next term it was heard, the brief being then approved by the court. Substantially this occurred, gathering it from scattered pieces of paper hastily put together by counsel; and such being the facts, in substance, the court was right to try the motion on the merits.

So the judgment is affirmed on the cross-bill, and also on the main bill of exceptions

Judgment affirmed.