CROCKETT & SONS *vs.* ROEBUCK *et al.*, and *vice versa.*

1. Where suit was brought on account of machinery furnished for mill purposes, in which two persons were interested, it was immaterial that one of them ordered the machinery, where it appeared that it was not delivered until the other importuned the vendors to hasten the delivery, as he and the other vendee were suffering for it and would be compelled to get it elsewhere unless the delivery was soon made, and wrote letters to them to that effect, and where the trade was not consummated until delivery, and that was not to be made until a certain payment was made, which was made by the last-named defendant. Under such facts, a verdict against both defendants was demanded by the evidence; and where a verdict was found in favor of the defendant who did not originally give the order for the machinery, it was unsupported by the evidence.

2. During the term when a case was tried, a motion for new trial was made and an order passed allowing until a day named in vacation to complete and file a brief of the evidence. On that day, counsel being unable to agree upon the brief, and the presiding judge being sick, the entire matter was continued by order until the next day. On the next day, the hearing began and occupied a portion of three days, being continued from day to day by order. On the second day, the judge approved the brief and ordered it filed. It was filed on the next day, being the last day of the hearing:

*Held,* that a motion to dismiss the motion for a new trial, on the ground that an approved brief of the evidence had not been filed in proper time, was properly overruled.

May 1, 1886.

Debtor and Creditor. Partnership. Verdict. Practice in Superior Court. New Trial. Before JACOB WATSON, Esq., Judge *pro hac vice.* Pulaski Superior Court. May Term, 1885.

E. Crockett & Sons brought complaint against Roebuck & Scarborough on an open account containing items dated from November, 1881, to April, 1882. On the trial, the evidence for the plaintiffs was, in brief, as follows: The account attached to the declaration against the defendants was just, due and unpaid, except $25.00 for a roll of belting, and Roebuck had so admitted it to be. Plaintiffs closed.

The evidence on behalf of the defendants was, in brief, as follows: Roebuck made the contract sued on with the plaintiffs for certain machinery, belting, etc. Plaintiffs failed to furnish the machinery at the time or in the condition agreed, and caused damages, which were variously estimated at from one to two thousand dollars. Roebuck had made another contract with Brinson & Brother, relying on getting the machinery from the plaintiffs, and by reason of the delay he suffered loss. Scarborough denied that he was liable, and said that he did not make or ratify any contract with the plaintiffs; that he paid them $800.00, but acted as the agent of Roebuck and took a receipt to that effect, but had lost it. One B. S. Scarborough also testified as to the receipt. Roebuck stated that he, and not Scarborough, bought the machinery.

In rebuttal, the plaintiffs introduced evidence, in brief, as follows: They denied being in fault in respect to the delay, etc., as claimed by the defendants. Roebuck made the original contract. One-third of the price was to be paid before shipment. $800.00 were paid by Scarborough, who instructed the plaintiffs to ship the machinery as soon as possible. It was shipped to both defendants, charged to both on the plaintiffs' books, and plaintiffs regarded both as liable therefor. The Crocketts testified that Scar-

v-77-2

borough paid $800.00 on the account, and a receipt was given him individually, and not as agent for Roebuck.

A large number of letters from each of the defendants to the plaintiffs were introduced in evidence, in which both of them wrote directing the manner of the shipment of the machinery and with reference to its nature, quality, etc. On October 24, 1881, Roebuck wrote to the plaintiffs, asking them to receipt Scarborough in his own name for $800.00, which he would pay them, which would be a showing to Scarborough as an interested party in the mill. On November 2, 1881, Scarborough wrote to the plaintiffs, asking them when they would ship a boiler, as "we need it very badly. We have orders for 500 thousand feet of lumber now. We cannot do anything." On February 1, 1882, Scarborough wrote, saying, "Please write at once what the account of the mill myself and Roebuck had you to make; . . . would like to know how much is behind with you." In May, 1882, after the date of the last item in the account sued on, Scarborough wrote as follows: "The firm of Roebuck & Scarborough has been dissolved by mutual consent, and Roebuck is the party in charge of the mill." On January 3, 1883, he wrote, saying that he had sold out to Roebuck in February, 1882, and urged that plaintiffs make their money out of the mill held by Roebuck.

The jury found in favor of the plaintiffs against Roebuck alone for $785.00, principal, finding nothing against Scarborough. Plaintiffs moved for a new trial on the following grounds:

(1), (2), (3). Because the verdict was contrary to law and evidence and not supported by the evidence in not finding against Scarborough.

(4). Because the verdict was contrary to the charge of the court.

(6.) Because the court refused to charge as follows: "If the said J. B. Scarborough notified said plaintiff by letter that he would pay for the subject-matter of said contract, either individually or jointly, or as a partner of said P. A.

Roebuck, such notice would be sufficient to bind the said J. B. Scarborough."

(8.) Because the court admitted in evidence the answers of the witnesses, Brinson, Powers, Ingersoll and Bartlett, to interrogatories, over objections thereto, as being without *jurats.*

The motion was overruled and the plaintiffs excepted.

The defendant, Roebuck, filed a cross-bill of exceptions because the court refused to dismiss the motion for a new trial. The facts on which this motion was based were as follows: The motion for new trial was made during the term of the trial, and there not being sufficient time to complete the brief of evidence, an order was taken, fixing the hearing for August 31, 1885, or such other day and time as might then be agreed upon by counsel or fixed by the court, and allowing until that time to make out and file a brief of evidence. On the day appointed, the hearing was continued until September 1st, and the judge passed an order, reciting that counsel had failed to agree upon the brief of evidence, and that, on account of sickness, he was unable to pass upon it, and therefore ordered that the entire motion and brief of evidence be passed upon on September 1st, 1885, or such other time as might be fixed by the court. On September 1st, the judge passed an order, reciting that the hearing had been begun, but could not be completed, and continuing it until the next day; and on September 2d, he passed a like order, continuing it until September 3d. On September 2d, he approved the brief of evidence in the following order:

" Counsel having failed to agree upon the brief of evidence, I do hereby certify that I have examined the within and foregoing pages, and do hereby approve the same as a correct brief of the evidence in said case, and the same is ordered to be filed. This September 2d, 1885."

The clerk's entry of filing was dated September 3d, 1885.

Counsel for the respondent (Roebuck) moved to dismiss the motion for new trial, on the ground that the brief of

evidence had not been filed in time.   This was overruled, and he excepted.

M. T. HODGE; J. H. LUMPKIN, for plaintiffs.

J. H. MARTIN, for defendants.

JACKSON, Chief Justice.

E. Crockett & Sons sued Roebuck & Scarborough on account for machinery furnished them for mill purposes in which they were interested.  A verdict was rendered against Roebuck alone, and thereupon Crockett & Sons moved for a new trial against Scarborough.   It was denied, and they excepted.

1. The facts show that a new trial should be granted. It is immaterial that Roebuck ordered the machinery.   It was not delivered until Scarborough importuned E. Crockett & Sons to hurry it up, as they (" we ") were suffering for it, and must get it elsewhere unless the delivery was soon made, and wrote letters to them to that effect.   The trade was not consummated until delivery, and that was not to be made until a certain payment was made, and Scarborough made that.   So far as this record shows the truth, a verdict against Scarborough was demanded.   How other evidence, on another hearing, may vary the legal result, of course we cannot foresee.   Judgment reversed in original bill of exceptions.

2. In respect to the motion to dismiss the motion for a new trial, it was properly overruled.   See *Thomas vs. Dockins*, 75 *Ga.*, 347; also *Page vs. Blackshear, Ib.*, 885 ; *Christie vs. Whitten*, 69 *Ga.*, 765; *Grice vs. Grice, Ib.*, 760; *Brantley vs. Hass, Ib.*, 748.

So the judgment is affirmed in the cross-bill.

Judgment reversed on main bill of exceptions, and affirmed on cross-bill.