No. 17.—SAMUEL JOHNSON, plaintiff in error, *vs.* CHARLES F. BE-MIS, defendant in error.

[1.] An entry on the motion docket is no part of the record.

[2.] The Judges may make rules for new trials, returnable in vacation, in cases where the application has first been made in Term, and *recorded*, and where the *record shows* that such rule is so made returnable in vacation.

Motion for a new trial, decided by Judge WARREN, Early Superior Court, April Term, 1848.

At February Term, 1840, Charles F. Bemis recovered of Samuel Johnson, in the Superior Court of Early county, a judgment for $2538 74, principal, with interest and costs. At the same Term a rule *nisi* was granted for a new trial at the instance of the defendant, to be heard at the next Term, on the ground "that "the defendant is unable to give security to enter an appeal, and "that he has a valid and bona fide defence to said action, as set "forth in his affidavit, viz : that he expects to plead and prove "payment of said pretended debts, if he can have a new trial; and "that such plea was not filed before trial through mistake or over-"sight of his counsel," which rule was ordered to operate as a *supersedeas.*

At the August Term, 1840, the presiding Judge entered on the motion docket opposite this rule, " Time taken to decide the point, and the decision to be written out by Christmas."

The minutes of the Court showed no further action, but on the 18th May, 1841, *at Chambers*, the presiding Judge made the following order :

"Charles F. Bemis,    }   Assumpsit and attachment in Early
      *vs.*        } Superior Court, Aug. Term, 1838.
Samuel Johnson.   }

Rule nisi for a new trial. The rule nisi having been refused in the foregoing case, it is ordered that execution issue instanter for the principal, interest and cost due upon said judgment.

WILLIAM TAYLOR, J. S. C., S. W. C."

On the 2d June, 1841, the Clerk of said Court issued an execution accordingly.

At April Term, 1847, Samuel Johnson moved a rule against Bemis, the plaintiff below, upon the foregoing facts, to set aside

and annul the execution and judgment, on the ground that the judgment was entered up and the execution issued pending the *supersedeas.*

The Court below refused the motion, and ordered the entry on the motion docket, and the order of the Judge at Chambers entered on the minutes *nunc pro tunc,* which decisions are now complained of as erroneous.

STURGIS, for plaintiff in error,

CARITHERS, for defendant.

*By the Court*—NISBET, J, delivering the opinion.

1. The motion in the Court below was to set aside the judgment and execution against the plaintiff in error, because, after granting a rule nisi for a new trial, returnable to the next Term with a supersedeas, the presiding Judge had, in vacation, when there was no order to that effect taken and entered on the minutes, considered and dismissed the rule, and directed the execution to issue. This motion was refused by Judge Warren, and hence this writ of error. We think the motion to set aside the judgment and execution, ought to have prevailed. The order at Chambers to dismiss the rule, and directing the execution to proceed, was irregular and void, and the supersedeas was not for that reason thereby dissolved. The supersedeas was operative until the rule for a new trial was legally disposed of. We have already decided this question.

[2.] We have held, and now hold, that applications for new trials must be made at the Term when the judgment is rendered and entered upon the minutes of the Court. And that rules for new trials may be made returnable in vacation, and then heard and determined, when an order to that effect is taken at the judgment Term and entered upon the minutes, and then only. *Grady vs. Hightower, et al.,* 1 *Kelly,* 252. In this case there was no order entered on the minutes to hear and determine the rule in vacation—on the contrary, the rule was made returnable in Term. It is true that there was an entry on the bench docket, made at the return Term of the rule, to the effect that the Judge would take time to consider of it, and write out his opinion by Christmas,

Johnson *vs.* Bemis.

[1.] An entry on the bench docket is no part of the record—that docket we view in the light of a memorandum for the convenience of the Judge and nothing more. So determined by this Court in *Bryant, guardian, vs. Owen and wife*, 1 *Kelly*, 355.

It appears, further, from this record, that at the time when application was made to set aside this judgment and execution, an order was passed directing the order of the Judge (Taylor) at Chambers, dismissing the rule nisi, and also the entry on the motion docket before referred to, to be entered on the minutes, *nunc pro tunc*. This order could not cure the irregularity. Judge Taylor had no authority in this case to pass the order in vacation dismissing the rule and directing the execution to issue. It was illegal and void. It could not be made legal and valid by an *ex post facto* amendment of the record. And as the entry on the motion docket was no part of the record, at any time, it could not be made so by an order *nunc pro tunc*. An act, wholly without authority, cannot be sanctified by subsequently doing what, being done antecedent to it, would have given authority for that act.

Let the judgment be reversed.