THE WESTERN AND ATLANTIC RAILROAD COMPANY, plaintiff in error, *vs.* TELLMAN W. JOHNSON, defendant in error.

If, instead of resting on and pursuing the strict law of new trials, a party enters into a consent order to file his motion within a given time after the adjournment of the court, and to file an approved brief of the evidence within the same time, he must abide by his bargain. Time is of the essence of the contract, and an excuse for delay should amount to Providential cause, or be disregarded.

New trial. Contracts. Time. Before Judge McCUTCHEN. Gordon Superior Court. March Term, 1877.

Reported in the opinion.

SHUMATE & WILLIAMSON; FAIN & MILNER, for plaintiff in error.

DABNEY & FOUCHE; W. K. MOORE, for defendant.

BLECKLEY, Judge.

In an action by Johnson against the railroad company, a verdict was rendered for the plaintiff, on the 23d of November, 1876. Upon the same day, a consent order was passed by the court, as follows: "It is, on motion of counsel for defendant, and by consent of counsel for plaintiff, ordered that the defendant have thirty days after the adjournment of this court, to make and file motion for new trial, and a brief of the testimony approved by the court, in said case, and that said motion be argued and decided in vacation, at such time as the court may appoint, provided counsel can, at the time, argue it without manifest inconvenience." The court adjourned, for the term, on the next day, that is, on the 24th of November. The evidence had been taken down by the stenographic reporter appointed by the court, whose notes could not be read by any of the defendant's counsel. It required three days for the reporter to write them out. He completed this work within a few

days after the court adjourned, and more than once informed one of the counsel for defendant that the evidence. was ready. The brief was not presented to the judge for approval until December 30th. The judge approved it on that day, and ordered it filed, subject to the right of plaintiff to object, if the time for filing had expired. It was filed on the 1st of January, 1877. The motion for new trial was filed on the 28th of December, 1876. It was presented to the judge as early as the 16th of that month, on which day he signed an order upon it, requiring the plaintiff to show cause, as soon as counsel could be heard, why a new trial should not be granted. Service of the motion was acknowledged by plaintiff's counsel on the 21st of December, and on the 22d, one of the defendant's counsel mailed it at Cartersville, to another at Calhoun, with a request to file it. In the regular course of mail, it ought to have reached Calhoun on the same day, or the day following, but from some unknown cause, it was delayed until the 28th, the same day on which it was filed. At the next term of the court, (March term, 1877,) the motion came on to be heard. Counsel for plaintiff moved to dismiss it, on the ground that a brief of the evidence approved by the court had not been filed within the thirty days limited by the consent order. Besides resisting the motion to dismiss, counsel for defendant moved to amend by changing the motion for new trial into one, on the same grounds, then made as in extraordinary cases. The court dismissed the original motion, and refused a new trial on the extraordinary motion. Both these decisions are assigned as error.

On the day the verdict was rendered, the parties, by consent, cut loose from the strict law of new trials, and put themselves upon terms of their own choosing, the court, by an order entered on the minutes, giving its sanction to the compact. If the plaintiff had a right to require the brief of evidence, and the motion itself to be made out and filed at that term, he waived it. If the defendant had a right to postpone the filing of the motion and the brief until the

next term, that was waived on the part on the defendant. It was competent for the counsel to adopt a limitation law of their own, if the court interposed no objection. And the limitation which they voluntarily established was, thirty days after the adjournment of the court. Until that time expired, the defendant had a right, by contract, to make out and file a motion for new trial and a brief of the evidence. After the consent had been acted upon, the plaintiff could not have receded. Repudiation of the consent would have operated as a surprise upon the defendant, and the plaintiff would not have been allowed to retain an advantage acquired by such means. 6 *Ga.*, 176; 15 *Ib.*, 307; 17 *Ib.*, 463; 19 *Ib.*, 512. It is quite immaterial whether, in point of law, the judge had any power to act on the motion for new trial in vacation or not. If he had not, the papers, had they been filed in terms of the consent, would have been ready for the action of the court, when there was a court to act on them. There was certainly no legal impediment to filing them, and the order was undoubtedly sufficient to enable the judge to act officially in approving the brief of evidence, provided it had been presented within the time specified in the order. All that the consent obliged the defendant to do could have been done. There was no absolute consent to argue the motion in vacation. That was to depend upon the convenience of counsel. It seems that no steps were taken to bring on the argument until the next term. If, at that time, the defendant had shown compliance with what could legally have been done to execute the stipulations embraced in the consent order, he would have had a standing in court. But he was in default as to the brief of evidence, without any show of excuse. He waited until after the thirty days had expired, and then presented it to the judge for approval, and, two days after the approval, filed it. It was not with the motion for new trial, which was delayed in being transmitted by mail from one of defendant's counsel to associate counsel. If it had been, there was ample time before that occurrence for it to have been presented for approval and

filed. Miscarriages by mail are not so infrequent as to justify the needless postponement of the business of thirty days till the last two days of the period. When the last day for filing was the 24th of December, it was not altogether discreet to commit the motion for new trial to the mail on the 22d, to be carried from one of the counsel to the other. But we are wholly unable to see what the failure of the mail had to do with preventing the brief of evidence from being attended to in due time. The place where the papers were to be filed was Calhoun, Gordon county. The brief was there in the hands of the stenographic reporter. The judge resided at Dalton. What was wanted was to convey the brief from Calhoun to Dalton, and bring it back. There was no occasion for the motion to go to Dalton also. It and the brief ought to have met in the clerk's office at Calhoun. How the failure of the motion to arrive would delay the brief is beyond our comprehension. As it was, neither one of the papers was filed until after the expiration of the thirty days. And the important matter of revising and approving the brief did not take place within the time. We think time was of the essence of the agreement, and that, without Providential cause or some overpowering necessity, the defendant could not substitute a different time for that fixed by the consent order. None of the cases cited by counsel are like the present, as will be seen by comparing them. Plaintiff in error cited, Code, §§ 249, 3719, 3721; 1 *Kelly*, 252; 4 *Ga.*, 157; 21 *Ib.*, 214; 54 *Ib.*, 111; 55 *Ib.*, 345; 23 *Ib.*, 498; 54 *Ib.*, 260, 256. Defendant in error cited, 3 *Kelly*, 217; 5 *Ga.*, 399; 8 *Ib.*, 111.

Judgment affirmed.