THE LOWRY BANKING CO. *et al.* v. ABBOTT & SMITH.

1. Where to a petition in the nature of a creditor's bill, praying for a receiver of the assets of debtors alleged to be insolvent, a corporation holding mortgages against the same debtors was made a party plaintiff on its own application, it thereby recognized the necessity for the petition and ratified the filing of it. If the mortgages were sufficient in amount to cover the whole assets of the debtors, there was no necessity for the appointment of a receiver; but when, instead of showing this fact and objecting to such appointment, the corporation joined as a plaintiff in the proceeding, it became chargeable with its proportion of the expenses up to the time when it was made a party, and a like proportion to the end of the litigation. In case it recovered the whole fund brought

into court, it would be for the court or the jury to determine, under all the facts, what amount of fees the attorneys of the receiver should receive therefrom.   (R.)

2. The first grant of a new trial was not error.   (R.)

April 20, 1891.

Attorneys' fees.  Creditors.  Practice.  New trial. Before Judge MARSHALL J. CLARKE.  Fulton superior court.  September term, 1890.

Reported in the decision.

JULIUS L. BROWN, CANDLER & THOMSON and JACKSON & JACKSON, for plaintiffs in error.

ABBOTT & SMITH, *pro se.*

SIMMONS, Justice.

Certain creditors of Wyly & Greene, through their counsel, Abbott & Smith, filed their petition in equity in the nature of a creditor's bill, under §§3149(a) *et seq.*, of the code, alleging the insolvency of Wyly & Greene, and praying for an injunction and for a receiver to take charge of their assets.  The injunction was granted and a receiver appointed, who took charge of the assets and administered them, and brought a fund of $30,000 into court to be distributed to the creditors. After the petition was filed and the receiver appointed, the Lowry Banking Company made itself a party complainant, alleging that it had two mortgages, given it by Wyly & Greene, which were sufficient to cover the whole amount of the assets.  The other creditors disputed the validity of these mortgages, but they were declared to be valid and binding upon the assets by the verdict of a jury on a trial where this issue was made. Before the fund was distributed, Abbott & Smith filed their application to the court, wherein they stated that they were the solicitors of the complainants who filed the petition against Wyly & Greene and obtained the order appointing the receiver, etc., that the receiver had collected the sum of $30,000, and that they represented

the receiver and advised him in many matters touching his receivership. They prayed the court to tax as costs against the fund the sum of $1,500 as counsel's fees for bringing the fund into court; they alleged that they had been paid $250 on account of such service, by order of the court, and that there was still due them the sum of $1,250. They asked a rule *nisi* requiring the Lowry Banking Company and the receiver to show cause why said sum should not be allowed them. To this rule the Lowry Banking Company demurred upon the grounds, (1) " that the court had no authority, without the verdict of a jury, to take a part of the fund in the hands of the receiver, covered by the mortgages to this respondent, and apply the same to the payment of fees of counsel "; and (2) " that there was no law of Georgia authorizing fees to be paid out of a fund like this and upon a petition like this." The Lowry Banking Company also answered the rule, setting up various reasons why the movants were not entitled to fees out of the fund. The court sustained the first ground of demurrer and referred the matter to a jury, and upon a trial of the issue the jury returned a verdict for $150 counsel fees. Abbott & Smith moved for a new trial, and it was granted by the court, and the Lowry Banking Company excepted.

1. It was insisted by counsel for the plaintiff in error that the court erred in granting a new trial in the case, because the law does not authorize counsel fees to Abbott & Smith under the facts of the case; that the facts show that the Lowry Banking Company had mortgages which covered the entire assets of the estate; that there was really no necessity for a receiver; that the petition was filed as much to get rid of the mortgages of the Lowry Banking Company as for anything else, and that the whole contest was made by the other creditors upon the claim of the Lowry Banking Company; and

it would therefore be inequitable and unjust to compel the Lowry Banking Company to pay the opposing counsel their fees, although the fund was brought into court under the petition which the latter had filed in behalf of the creditors. We would agree with counsel for the plaintiff in error in this view of the law were it not for one fact in the record. That fact is, that after the petition was filed and the receiver appointed, the Lowry Banking Company, upon its own application, was made a party plaintiff. This action on the part of the Lowry Banking Company recognized the necessity for the petition, and ratified the filing of it. The 3d section of the act of 1880, code, §2149(c), under which this proceeding was instituted, provides that "any creditor may become a party to said bill, under an order of the court, at any time before the final distribution of the assets, he becoming chargeable with his proportion of the expenses of the previous proceedings." When therefore, the banking company was made a party plaintiff to the petition upon its own motion, under this section of the code it became chargeable with its proportion of the expenses, whatever that proportion might be. If its mortgages were sufficient in amount to cover the whole assets of Wyly & Greene, there was no necessity for the petition or for the appointment of a receiver, as has been held frequently by this court; and if the banking company had objected to the appointment of a receiver, and had shown to the court that its mortgages were sufficient to cover the entire assets, the receiver would not have been appointed. Instead of doing this, however, it joined in the proceeding, and thereby became chargeable with its proportion of the expenses up to the time it was made a party, and a like proportion up to the end of the litigation. In case it recovered the whole fund, it would be for the court or the jury to determine, under all the facts of the

case, what amount of fees Abbott & Smith should receive out of the fund before it was paid over to the Lowry Banking Company.

2. The court did not err in granting a first new trial, as he could well conclude that the jury found contrary to the evidence.

Both parties filed exceptions *pendente lite* during the trial and assigned error on them here, but as the case is still pending in the court below, we cannot consider them now.   Code, §4250.        *Judgment affirmed.*