VIRGIN *v.* DUNWODY, and *vice versa.*

1. The court erred in admitting evidence of the declarations of the defendant's husband, made to the plaintiff when the defendant was not present, to the effect that the defendant was, or had agreed to become, a copartner of the plaintiff in the business in lieu of her husband.
2. In order for the verdict of the jury finding for the plaintiff to be reached, it was essential that a partnership between the plaintiff and the defendant should appear; and on that question the verdict, so far from being warranted by the legal evidence, was contrary thereto, that evidence being such as, if duly considered and regarded, would constrain a finding for the defendant.
3. In the matters dealt with by the cross-bill of exceptions, there was no error as against the plaintiff below.
   January 8, 1894.

Equitable petition. Before Judge BARTLETT. Bibb superior court. November term, 1892.

HARDEMAN, DAVIS & TURNER, for Mrs. Virgin. HILL, HARRIS & BIRCH and FREEMAN & GRISWOLD, *contra.*

LUMPKIN, Justice.

We have given this case a most thorough and painstaking examination. In the view we take of it, it is not

necessary, nor would it be profitable, to set forth the facts in detail, or to discuss the various questions presented by the motion for a new trial.  The facts are voluminous, and the grounds of the motion numerous, but in our opinion, the merits of the case are controlled by a few very simple propositions.

In order to entitle the plaintiff to recover at all, it was essential for him to show the existence of a partnership between himself and the defendant.  In this respect he utterly failed.  The court, it is true, did admit evidence of declarations by Virgin, the husband of the defendant, made to the plaintiff when Mrs. Virgin was not present, to the effect that she was, or had agreed to become, a copartner with the plaintiff in the brick business in the place of her husband.  This evidence, however, was improperly admitted.  So far as Mrs. Virgin is concerned, it was hearsay, pure and simple.  It does not appear that she ever authorized her husband to make any such statement to Dunwody, the plaintiff, or that she ever ratified the same, or, indeed, ever heard of it at all until after the contemplated brick-making business had collapsed.  She testified distinctly and unequivocally that she had never become, nor agreed to become, a copartner with Dunwody, and there is nowhere in the record any evidence which would justify the conclusion that any such partnership ever in fact existed.  The testimony of Dunwody himself entirely fails to establish any such relationship between Mrs. Virgin and himself.  On the contrary, there is disclosed by the record a circumstance which would tend very strongly to show that the plaintiff's claim that Mrs. Virgin agreed to become his partner in the business was not made in good faith, and that he really never so regarded her.  In a letter dated May 18th, 1891, addressed to the agent of a manufacturing company with which Dunwody had been negotiating for the purchase of a brick machine, he still recognized

Mr. Virgin as his partner, and in detail explained the circumstances of the latter's financial embarrassments, which had caused an interruption in the completion of their proposed plant, and rendered the purchase of the necessary machinery impossible. It is certainly a significant fact, that, although that letter was written long after the date upon which the plaintiff claimed upon the trial he had entered into the alleged partnership with Mrs. Virgin, he therein makes no allusion to any new arrangement by which she had become his partner, but on the contrary, still recognizes the partnership between himself and her husband as then existing, and explains his delay in writing by stating that it was not until within ten days prior to the date of his letter that he became able to satisfy himself positively of Mr. Virgin's inability to raise the money he had agreed to put into the partnership.

Rejecting, therefore, the above mentioned illegal evidence, there was nothing to warrant the jury in finding there was, or ever had been, a partnership between the plaintiff and the defendant; and as this fact was absolutely necessary to a recovery in his favor, the verdict is entirely unsupported by evidence. Indeed, we are fully satisfied that, duly considered and understood, the legal evidence admitted upon the trial would constrain a finding for the defendant.

In view of the disposition we now make of this case, and the reasons given for so doing, it is hardly probable, we think, that the plaintiff will press further his claim for a recovery against the defendant. It would also seem quite likely, from the many statements made by Mrs. Virgin in her testimony on the trial, that she will be content with defeating a recovery against her, and will not be disposed to insist upon a specific performance of the alleged contract between herself and Dunwody for a sale to him of an undivided half-interest in

the land involved in this controversy. For this reason, we make no rulings upon the questions made by her bills of exceptions filed *pendente lite*. This not being a final disposition of the case, her right to have these questions passed upon, should it ever become necessary, is still preserved under section 4250 of the code.

It is also proper to state that if the written instrument executed April 21st, 1891, by Mrs. Virgin, and delivered to Dunwody, can be construed as a promise on her part to pay to him anything on account of the money he expended in making improvements upon the land, in buying stock, building materials, or otherwise, while endeavoring to establish the brick-works, such written obligation is, under the facts of this case, neither more nor less than an attempt on her part to assume the liabilities and debts due by her husband to Dunwody, and therefore is not binding and cannot be enforced. It is quite probable, also, that in executing this instrument Mrs. Virgin really intended to abandon any attempt to sell to Dunwody an interest in the land, but contemplated, in lieu thereof, joining a proposed stock company and putting in her land to represent her interest in the scheme, taking as payment for the land a certain amount of the capital stock of the company to be formed.

As to the questions raised by the cross-bill of exceptions, we need only say that in no view of the case could the charges therein complained of have been harmful to the cause of the plaintiff below. These charges are all based upon the theory of the alleged partnership between the plaintiff and Mrs. Virgin; and as the plaintiff entirely failed to show that any such partnership in fact existed, he really had no right to have this contention submitted to the jury at all. It consequently follows, that whether the charges complained of are, or are not, correct expositions of the law

applicable, the plaintiff in no sense suffered any injury therefrom.

On the whole, it is quite obvious from the facts disclosed by the record, that the brick-making enterprise was simply an exceedingly unfortunate venture for all concerned in it. There can be no doubt that Dunwody has lost a considerable amount of money thereby, but it is difficult to perceive how his losses have resulted in any substantial benefit to Mrs. Virgin. We order a new trial; and in view of what has been said above, we apprehend the parties on both sides will be prepared to bring this case to an end without further litigation.

*Judgment on main bill of exceptions reversed.*
*On cross-bill of exceptions, judgment affirmed.*