EASON *v.* MAYOR AND COUNCIL OF AMERICUS.

106　179
111　889
106　179
115　610
106　179
116　940
106　179
f127　453

The terms of an order granting time to file in vacation a brief of the evidence must be strictly complied with.　Non-compliance is not excused because of failure on the part of a stenographer who took down the testimony to. write out his report thereof in time for use in preparing the brief within the period limited by such order.

Argued November 15, — Decided December 14, 1898.

Motion for new trial.　Before Judge Littlejohn.　Sumter superior court.　June 18, 1898.

*C. R. Winchester* and *J. R. Williams*, for plaintiff.
*James Taylor*, for defendant.

LUMPKIN, P. J.　This case was tried November 27, 1897, during a regular term of Sumter superior court.　A motion for a new trial was duly filed, and an order passed setting the same for a hearing on the first day of January, 1898, and allowing the movant until December 27, 1897, in vacation, to file a brief of the evidence.　No brief was filed within the time thus limited.　On January 1, 1898, the court passed an order continuing the hearing of the motion until February 5, 1898, and allowing the movant until January 17 to file a brief of the evidence.　In this order, however, the right of the respondent to move to dismiss the motion for failure to comply with the terms of the original order as to the filing of a brief of the evidence was expressly reserved.　On February 5, 1898, the hearing of the motion was again continued to the ensuing May term of the court, and at that term the motion was dismissed on the

ground that the movant had not filed a brief of the evidence within the time specified in the order first above mentioned. The reason assigned for failure to comply with this order was, that the court stenographer of the circuit, who by agreement had taken down the testimony in the case, had not written out his notes in time to enable the movant to prepare from his report a brief of the evidence by the 27th of December. The only error complained of here is the dismissal of the motion.

We have no doubt at all that the court below was right in dismissing it. In *Baker* v. *Johnson & Harris*, 99 *Ga.* 374, this court, following previous adjudications, held that: "Where one dissatisfied with a verdict files during the term a motion for a new trial, and, instead of pursuing the strict law in such cases provided, obtains an order allowing him until a future time in vacation to prepare and file a brief of the evidence in the case and to amend the motion, he must abide by the terms of the order thus obtained; and consequently, if no brief of evidence is prepared and presented, the motion for a new trial is not made either in the manner required by law or in that pointed out by the order, and therefore is subject to be dismissed on motion." In the present case, the movant was not helped by the order of January 1, 1898, because it expressly reserved to the respondent the right to move to dismiss the motion for a new trial because of non-compliance with the terms of the original order.

As to the failure of the court stenographer to write out his notes in time for the movant to use the same in preparing a brief of the evidence, see *Boatwright* v. *State*, 91 *Ga.* 13, holding that such an omission on the part of a stenographer constituted no legal reason for delaying the filing of a brief of the evidence beyond the time granted for this purpose.

*Judgment affirmed. All the Justices concurring.*