HYATT *v.* COWAN & COMPANY.

Though by an order duly granted a movant for a new trial may be allowed until the final hearing of the motion to file a brief of evidence, yet if by a subsequent order the time for filing such brief is expressly limited to a day named, it must be filed on or before that day, or the motion is subject to dismissal, and should be dismissed if the respondent therein so demands.

Submitted May 1, — Decided June 6, 1902.

Motion for new trial. Before Judge Gober. Gilmer superior court. November 18, 1901.

*John P. Perry* and *C. D. Maddox,* for plaintiff in error.

*A. S. J. Hall,* contra.

LUMPKIN, P. J. The case of Cowan & Co. against Hyatt came on for a hearing in the superior court of Gilmer county, and on May 23, 1901, a verdict was returned for the defendant. The plaintiffs

filed a motion for a new trial, upon which the usual rule nisi was granted. A separate order was passed, setting the motion down for a hearing on the 6th day of June. This order embraced the following: "It is further ordered that the movant have until the hearing to prepare and present for approval a brief of the evidence in said case, and the presiding judge may enter his approval thereon at any time, either in term or vacation; and if the hearing of the motion shall be in vacation, and the brief of evidence has not been filed in the clerk's office before the date of the hearing, said brief of evidence may be filed in the clerk's office at any time within ten days after the motion is heard and determined." By successive orders the hearing of the motion was regularly continued until October 24, 1901. In none of these orders was reference made to the filing of a brief of the evidence. On the day last named, the court passed the following order: "Ordered by the court that the hearing of this motion be had at Marietta, Ga., on November 16, 1901, at 12 o'clock m., and that the plaintiff will be allowed till that time to file a brief of the evidence. Done by consent of parties. Oct. 24, 1901." The motion was not heard on that date, but by agreement of counsel the hearing was postponed until November 18th. This agreement was silent with respect to the filing of a brief of the evidence. On that day counsel for the respondent "moved to dismiss the motion for a new trial, on the ground that no brief of the evidence had been filed at the time set for a hearing in the order dated Oct. 24th, 1901." The motion to dismiss was overruled, and the court rendered a judgment granting a new trial. Hyatt thereupon excepted both to the denial of his motion to dismiss and to the granting of a new trial.

We are clearly of the opinion that the motion to dismiss ought to have been sustained. Under the original order of May 23d, it was doubtless contemplated that Cowan & Co. should have until the final hearing to file a brief of the evidence, and none of the orders intervening between that date and October 24th made any change with respect to this matter. The order passed by consent of the parties on the latter date did, however, expressly undertake to limit the time for filing the brief to November 16th. That day came and went, and yet the brief of evidence was not filed. It was too late to file it afterwards. The mere agreement to postpone the hearing of the motion from November 16th to November 18th could

not, and did not, affect this matter.   Cowan & Co. were bound by the terms of the order passed with their assent on October 24th. *Railroad Co.* v. *Callaway*, 111 *Ga.* 889.   It became as to both parties the law of this case.   *Railroad Co.* v. *Johnson*, 59 *Ga.* 626; *Pease* v. *Pease*, 66 *Ga.* 277; *Eason* v. *Americus*, 106 *Ga.* 179. Having departed from the statutory provisions with respect to the filing of a. brief of the evidence, it was incumbent on the movants to comply strictly with the terms of that order, for upon it alone could they rely in asserting any rights in the premises.   *Baker* v. *Johnson*, 99 *Ga.* 374.

*Judgment reversed.   All the Justices concurring, except Lewis, J., absent.*