## OGLETREE *v.* LIVINGSTON.

1.. This being the first grant of a new trial, and it not appearing that the verdict for the plaintiff was demanded under the evidence, the judgment awarding the new trial will not be disturbed.
2. Where the grant of a new trial is affirmed, pendente lite exceptions will not be considered and passed upon, as the case is still pending in the court below.

Argued February 24,—Decided May 18, 1906.

Complaint for land. Before Judge Russell. Muscogee superior court. April 7, 1905.

*J. H. Martin* and *A. W. Cozart,* for plaintiff.

*C. R. Williams, J. L. Willis,* and *S. P. Gilbert,* for defendants.

BECK, J. Missouri W. Ogletree, daughter of P. J. Biggers, deceased, filed a complaint for land, to recover her life-interest in the land described in her petition against Joseph W. Livingston, who was one of her two sons by her first husband. She claimed title under a deed from P. J. Biggers, her father, which was dated August 25, 1881, and recorded August 26, 1881. The defendant relied on three defenses: first, that P. J. Biggers, who was his grandfather, gave the land in dispute, by parol gift, to defendant and his brother, T. J. Livingston, jointly, together with another tract of land of equal size, adjoining the land in dispute; second, that he owned the land in dispute by reason of a presumptive gift under the Civil Code, § 3571; third, that he had a prescriptive title by reason of twenty years possession. The jury found for the plaintiff. The defendant made a motion for a new trial, which the judge granted. The plaintiff excepted to this ruling, taking the position that the evidence demanded the verdict, and that under the pleadings and the evidence no legal verdict could possibly have been rendered except for the plaintiff.

1. This being the first grant of a new trial, this court will not disturb the judgment of the trial judge in granting it, if the record in the case discloses that there was evidence .which would have supported a verdict for the defendant under any one of the defenses relied on at the trial. And from an inspection of the brief of evidence submitted on the trial of the cause in the court below, it will be seen that there was sufficient evidence (taking the testimony of the defendant himself and of the witnesses introduced by him, with all reasonable deductions therefrom, most strongly in favor of the defendant) 'to have upheld a verdict in his favor.

2. The plaintiff in error, as plaintiff in the lower court, demurred specially to several paragraphs of the defendant's plea. The demurrers were overruled, and the plaintiff filed exceptions pendente lite, and now assigns error thereon. But under former rulings of this court the questions thus made are not properly here for consideration and determination at this time; and in so holding we follow the rule laid down by this court in the cases of *Central Georgia Bank* v. *Cleveland National Bank,* 59 *Ga.* 667, and *Lowry Banking Co.* v. *Abbott,* 87 *Ga.* 134. In each of those cases there was a trial in the court below upon the merits of the case, a motion for a new trial was granted, and a writ of error was sued out to this court for the purpose of reviewing and reversing the judgment of the trial court. During the trial of each of the cases exceptions pendente lite were filed (in the case first named, by the defendant below, who was defendant in error here, and in the case reported in 87 *Ga.*, by both parties), and error was assigned thereon in this court. Upon considering these cases this court held, broadly and absolutely, that the questions raised upon the assignments of error on the pendente lite exceptions could not be considered at those times, the court below in each of the cases having granted a new trial, and this court having affirmed the order of the court below. There are, we know, dicta in decisions of a later date than those referred to, which seem to state a different rule; but it will be found upon examination that the precise question which we now .have under consideration was not involved in those cases. The opinion in our reports in which the question is most elaborately discussed is that rendered by Mr. Justice Atkinson in the case of *Hodgkins* v. *Marshall,* 102 *Ga.* 191. But in that case, it will be noted, the precise point to be passed upon was whether or not,

when a new trial has been *refused* and a writ of error sued out to have the judgment of the court below refusing the new trial reviewed, all questions made by exceptions pendente lite filed during the trial must be presented by proper assignment of error for adjudication here, when the questions made by the main bill of exceptions are determined. The question was answered affirmatively, and, in the reasoning upon which that conclusion was based, expressions are used, arguendo, which conflict with the ruling that we now make. But they conflict also with the rulings in the two cases first referred to, which are solemn adjudications upon the precise question that we have to pass upon in this part of this decision. In the case of *Central Bank* v. *Cleveland Bank,* supra, numerous exceptions pendente lite, including exceptions to the overruling of general and special demurrers filed by the defendant to the plaintiff's declaration, were taken, as appears from an inspection of the record filed in the clerk's office in this court, which are not set out in the official statement of facts in the report of that decision; and in the opinion in that case the court laid down the rule: "In the progress of the trial the defendant took various exceptions, and had them entered pendente lite. He assigned error on them here; but by the grant of a new trial the case was left pending below, and our affirmance of the judgment leaves it still pending. As the verdict was for the defendant, the errors, if any, committed on the trial, did not influence the result, and hence they are not now to be considered. Code, §4250 [Civil Code, §5526]." And in the case of *Lowry Banking Co.* v. *Abbott,* supra, Justice Simmons delivering the opinion of the court, a rule fully as broad is laid down. There the court said: "The court did not err in granting a first new trial, as he could well conclude that the jury found contrary to the evidence. Both parties filed exceptions pendente lite during the trial and assigned error on them here; but as the case is still pending in the court below, we can not consider them now. Code, §4250 [Civil Code, §5526]." In reaching the conclusion announced in each of the cases we are now following, it is evident that the court was of the opinion that when a case is tried in the court below and a new trial awarded, the grant of the new trial leaves the case pending in the lower court, and when the judgment granting the new trial is affirmed by this court, the case is still pending.

The case of *Virgin v. Dunwody, 93 Ga.* 104, is also one somewhat in point. In that case, as the record shows, Virgin, the defendant in the court below, filed·at various times during the trial divers amended pleas, several of which·were entirely or partially stricken upon motion of the plaintiff, and exceptions pendente lite taken. Upon a verdict·being rendered for the plaintiff, Virgin made a motion for a new trial, which was overruled, and the judgment overruling the motion was brought to this court by bill of exceptions, in which error was also assigned upon the exceptions taken pendente lite; but this court, after having announced that the judgment of the court below must be reversed, added: "For this' reason, we make no rulings upon the questions made by her exceptions filed pendente lite. This not being a final disposition of the case, her right to have these questions passed upon, should it ever become necessary, is still preserved under section 4250 of the code." It is not necessary, in order to sustain the principles that we have here laid down, that we should follow to its full extent the holding in the *Virgin* case, that case differing from the one at bar in the very material particular that the motion for a new trial there had been *overruled* in the lower court. But we do go to the extent of adjudicating that where a trial and verdict are had and a new trial is awarded by the trial court, and a writ of error is prosecuted to this court to review the decision of the trial judge, this court will not undertake to pass upon questions raised by exceptions pendente lite, because, in the event·the judgment of the court below granting the new trial is affirmed, the right of the party excepting to have the questions made in the exceptions pendente·lite passed upon, should it ever become necessary, is still preserved under the Civil Code, §5526.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*