## ARMOUR & COMPANY *v.* BURKHALTER.

1. As the verdict rendered was not required by the law and the evidence, this court will not disturb the first grant of a new trial.
2. When a judgment granting a new trial is affirmed. questions raised by assignments of error upon pendente lite exceptions can not be considered and determined.

Argued November 27, 1907.—Decided March 26, 1908.

Complaint. Before Judge Rawlings. Tattnall superior court. April 4, 1907.

*Anderson, Felder, Rountree & Wilson, J. V. Kelley,* and *Daley & Bussey,* for plaintiffs.

*W. T. Burkhalter* and *James K. Hines,* for defendant.

FISH, C. J. Armour & Company, a corporation, brought an action against G. V. Burkhalter, to recover a stated amount of money, upon a cause of action alleged in the petition. The defendant filed an answer to the petition. The plaintiff demurred to this answer and moved to strike the whole of it, upon stated grounds. The

trial judge sustained the demurrer as to certain portions of the answer and ordered the same stricken, but refused to strike the entire answer. The defendant offered an amendment to the answer, which was allowed by the court, over the objection of the plaintiff. Plaintiff excepted pendente lite to the refusal to strike the whole of the answer, and also to the allowance of the amendment thereto. Defendant also amended his answer by admitting that plaintiff was entitled to recover the amount sued for, unless he made good the defense which he set up in his answer as amended. Plaintiff relied upon this admission of a prima facie case in its favor, and introduced no evidence, and, upon the conclusion of the defendant's evidence, moved the court to direct a verdict in its favor. This the court refused to do; to which ruling the plaintiff also excepted pendente lite. The jury returned a verdict in favor of the plaintiff. Defendant made a motion for a new trial, which was granted by the court. Plaintiff excepted to this judgment, and in its bill of exceptions assigned error upon the grant of the new trial, and upon each of its exceptions pendente lite.

1. Applying to the case the well settled and now statutory rule, that the first grant of a new trial will not be disturbed by this court, unless the law and the evidence required the verdict (Civil Code, §5585), we have carefully considered the evidence contained in the record, and have reached the conclusion that the verdict rendered was not demanded by the evidence. The judgment granting the new trial must, therefore, be affirmed.

2. In *Ogletree* v. *Livingston,* 125 *Ga.* 548 (54 S. E. 625), it was held: "Where the grant of a new trial is affirmed, pendente lite exceptions will not be considered and passed upon, as the case is still pending in the court below." The decision in that case followed the rule laid down in *Central Bank* v. *Cleveland National Bank,* 59 *Ga.* 667, and *Lowry Banking Co.* v. *Abbott,* 87 *Ga.* 138 (13 S. E. 204), the decisions in which were held to be controlling, although the court, speaking through Mr. Justice Beck, recognized the fact that there are dicta in cases of later date which seem to state a different rule. In the older of the two cases which was followed in *Ogletree* v. *Livingston,* the verdict in the trial court was for the defendant, and a new trial was there granted to the plaintiff. The defendant brought the case here, complaining of the grant of the new trial, and also assigning error, in its bill of

exceptions, upon pendente lite exceptions filed by it to rulings of the trial judge. These exceptions pendente lite, as stated by Mr. Justice Beck in the opinion in the *Ogletree* case, included "exceptions to ·the overruling of general and special demurrers filed by the defendant to the plaintiff's declaration, . . as appears from an inspection of the record filed in the clerk's office of this court, which are not set out in the official statement of facts in the report of the decision." Yet it was held that these exceptions need not be considered by the Supreme Court, as the case was still pending in the court below.· The bill of exceptions in *Lowry Banking Company* v. *Abbott,* supra, complained of the first grant of a new trial, which judgment was affirmed, and it was held that exceptions pendente lite, upon which error was assigned in the bill of exceptions, could not be considered, as the case was still pending in the trial court. There both sides had filed such exceptions, and the plaintiff in error assigned error upon pendente lite exceptions filed to the overruling of a demurrer, the sustaining of which would have resulted in a dismissal of the proceeding which it sought to defeat. *Athens Electric Ry. Co.* v. *Jackson,* 125 *Ga.* 551 (54 S. E. 626); *Morris* v. *Duncan,* 126 *Ga.* 467 (54 S. E. 1045, 115 Am. St. R. 105). In the present case it follows, from these decisions, that, the judgment granting a new trial being affirmed, we can not now consider and determine the questions made by the pendente lite exceptions.      *Judgment affirmed. All the Justices concur.*