29825. CONWELL *v.* PRICE.

DECIDED MARCH 10, 1943.

*A. S. Skelton, T. S. Mason,* for plaintiff in error.

*W. L. Hailey, John B. Morris,* contra.

SUTTON, J. Ladell Price brought suit against J. E. Conwell, to recover damages because of injuries sustained by him through the alleged negligence of the defendant. The defendant answered, and filed general and special demurrers to the petition. The court passed the following order: "The above general demurrer is sustained, unless plaintiff shall amend within ten days to meet the same." The plaintiff offered amendments which, over the objection of the defendant, were allowed and filed. The defendant demurred generally and specially to the petition as amended. The court overruled the general demurrer, and all grounds of special demurrer except one, and the defendant excepted pendente lite. The case then proceeded to trial, and on February 26, 1942, verdict and judgment for $100 were rendered in favor of the plaintiff. The plaintiff, being dissatisfied with that amount, moved on the general grounds for a new trial. A rule nisi was issued, directing

the defendant to show cause at 11 o'clock a. m. on April 16, 1942, why said motion should not be granted, and the court passed an order that the motion be heard and determined on April 16, 1942, in vacation, at Elberton, Georgia, and that the movant might amend the motion at any time before the final hearing; and it was further "ordered that the movant have until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence in said case; and the presiding judge may enter his approval thereon at any time, either in term or vacation."

The hearing was not had on April 16, 1942, but on that day the court passed an order that "the hearing on the motion for new trial be continued until the 3rd Saturday [May 16] in May, 1942, at chambers in the court-house in Elberton, Georgia, at 10 o'clock a. m. e. w. t." The hearing was not had on May 16, 1942, but on that day the court passed an order, viz.: "Parties consenting, it is ordered that a hearing of the motion for new trial be and the same is set down to be heard before me at chambers, Elberton, Ga., at 11 o'clock a. m. e. w. t., on the 25th day of May, 1942, the movant being given until that date in which to perfect said motion for new trial." The hearing was not had on May 25, 1942, but on that date the court passed an order that "Parties consenting, it is ordered that the above motion for new trial be and the same is ordered to be heard at Elberton, Ga., at 11 o'clock a. m. e. w. t., on the 6th day of June, 1942, at chambers." The hearing was not had on June 6, 1942, but on that date the court passed an order viz.: "Parties consenting thereto, it is ordered that the above motion for new trial be and the same is ordered to be heard at Elberton, Georgia, at 11 o'clock e. w. t., on Saturday, June 13, 1942, at chambers; all rights of the parties hereto are reserved and preserved."

On June 13, 1942, the hearing was begun, but no ruling was made on the motion; and the court passed this order: "The motion for new trial in the above case having been set for a hearing on this date in accordance with previous orders of this court, and it now appearing to the court that the brief of evidence and charge of the court not having been completed until this date, and counsel for movant not having had an opportunity to examine the same and complete and file their amended motion, it is therefore ordered that the hearing on said motion be continued until the 27th day

of June, 1942, at 11 o'clock a. m., e. w. t., in my office at Elberton, Georgia. In the meantime all of the rights and conditions contained in the original order are hereby reserved and preserved; and the movant is granted until said date, or such subsequent date as the court may order, to file and approve the brief of evidence and charge of the court and any amendment to their original motion for new trial." Before the judge signed the last-mentioned order, counsel for the defendant stated to the court: "Counsel for J. E. Conwell, the respondent in the pending motion for new trial, do not consent to the order of the court giving movant further time in which to prepare and present for approval a brief of the evidence adduced on the trial of the case in Hart superior court, and do not consent to granting any further time to counsel for movant in which to amend said original motion for new trial. Respondent J. E. Conwell reserves all rights which he now has or may hereafter have with reference to giving an extension of time as provided for in the attached order."

Pursuant to the order of June 13, 1942, a hearing of the motion for new trial was resumed on June 27, 1942. J. E. Conwell filed objections to the filing and approval by the court of the brief of evidence adduced on the trial of the case; and filed a motion to dismiss the motion for new trial, because the brief of evidence was not presented for approval on or before May 25, 1942. The court overruled the objections and the motion to dismiss, approved the brief of evidence, and granted a new trial. The defendant excepted, assigning error (1) on the grounds of the exceptions pendente lite to the court's orders and judgments in overruling the general demurrer to the petition, the objections to the plaintiff's amendments, and the general and special grounds of demurrer to the petition as amended; (2) on the judgments dated June 27, 1942, overruling the objections to the allowance and approval of the amendments to the original motion for new trial, overruling the objections to the allowance and approval of the brief of evidence, overruling the motion to dismiss the motion for new trial because the brief of evidence was not filed by May 25, 1942, and the approval and order of filing of the brief of evidence tendered on June 27, 1942, and the order certifying as true the recitals of the amendment to the motion for new trial; and (3) the judgment granting a new trial.

On the question whether the court erred in overruling the objections to the amendments of the motion for new trial, the motion to disallow the brief of evidence filed on June 27, 1942, the motion to dismiss the motion for new trial, the judgment approving and ordering filed the brief of evidence, and allowing the amendments to the motion for new trial, the following discussion controls: A brief of the evidence is, of course, essential to the validity of a motion for new trial. It is clear that in the present case no brief of the evidence was presented, approved, and filed until June 27, 1942. It is contended by the plaintiff in error, that, although under the original order of February 27, 1942, the right was granted movant until the final hearing of the motion for new trial to prepare and present for approval a brief of the evidence, such original order was modified and changed by a subsequent order dated May 16, 1942, requiring that the motion be perfected by May 25, 1942, to which date the hearing had been postponed; and that, the brief of evidence not having been presented, approved, and filed at that time, there was no valid motion pending on June 27, 1942, when the court overruled the defendant's motion to dismiss and granted a new trial. The contention of the plaintiff in error can not be upheld under the special facts of this case; and *Hyatt* v. *Cowan*, 115 *Ga.* 608 (41 S. E. 985), cited and strongly relied on by the plaintiff in error, does not support it. Hyatt was sued and a verdict was returned in his favor. The plaintiffs filed a motion for new trial, upon which the usual rule nisi was granted. "A separate order was passed, setting the motion down for a hearing on the 6th day of June. This order embraced the following: 'It is further ordered that the movant have until the hearing to prepare and present for approval a brief of the evidence in said case, and the presiding judge may enter his approval thereon at any time, either in term or vacation; and if the hearing of the motion shall be in vacation, and the brief of evidence has not been filed in the clerk's office before the date of the hearing, said brief of evidence may be filed in the clerk's office at any time within ten days after the motion is heard and determined.' By successive orders the hearing of the motion was regularly continued until October 24, 1901. In none of these orders was reference made to the filing of a brief of the evidence. On the day last named, the court passed the following order: 'Ordered by the court that the

hearing of this motion be had at Marietta, Ga., on November 16, 1901, at 12 o'clock m., and that the plaintiff will be allowed till that time to file a brief of the evidence. Done by consent of parties. Oct. 24, 1901.' The motion was not heard on that date, but by agreement of counsel the hearing was postponed until November 18th. This agreement was silent with respect to the filing of a brief of the evidence. On that day counsel for the respondent 'moved to dismiss the motion for a new trial, on the ground that no brief of the evidence had been filed at the time set for a hearing in the order dated Oct. 24th, 1901.' The motion to dismiss was overruled, and the court rendered a judgment granting a new trial. Hyatt thereupon excepted both to the denial of his motion to dismiss and to the granting of a new trial."

The court said: "We are clearly of the opinion that the motion to dismiss ought to have been sustained. Under the original order of May 23d, it was doubtless contemplated that Cowan & Co. should have until the final hearing to file a brief of the evidence, and none of the orders intervening between that date and October 24th made any change with respect to this matter. The order passed by consent of the parties on the latter date did, however, expressly undertake to limit the time for filing the brief to November 16th. That day came and went, and yet the brief of evidence was not filed. It was too late to file it afterwards. The mere agreement to postpone the hearing of the motion from November 16th to November 18th could not, and did not, affect this matter. Cowan & Co. were bound by the terms of the order passed with their assent on October 24th. *Railroad Co.* v. *Callaway*, 111 *Ga.* 889 [36 S. E. 967]. It became as to both parties the law of this case. *Railroad Co.* v. *Johnson*, 59 *Ga.* 626; *Pease* v. *Pease*, 66 *Ga.* 277; *Eason* v. *Americus*, 106 *Ga.* 179 [32 S. E. 106]. Having departed from the statutory provisions with respect to the filing of a brief of the evidence, it was incumbent on the movants to comply strictly with the terms of that order, for upon it alone could they rely in asserting any rights in the premises. *Baker* v. *Johnson*, 99 *Ga.* 374 (27 S. E. 706). In the *Hyatt* case the orders specifically related to the filing of a *brief of the evidence;* and while in the order passed in term time the movant had until the final hearing to file the brief of evidence, the Supreme Court held that by the order of October 24, 1901, the right given by the original order was modified and

the time for filing a *brief of the evidence* was expressly limited to November 16, 1901, and that as it was not filed on that date it was too late to be filed on November 18, 1901. In the present case the order passed in term time provided that the movant have "until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence in said case, and the presiding judge may enter his approval thereon at any time, either in term or vacation." Manifestly, if this order had not been modified, the movant would have had until the final hearing on June 27, 1942, to present and have approved the brief of the evidence. The defendant contends, however, that it was modified, in that on May 16, 1942, the court passed the following order: "Parties consenting, it is ordered that a hearing of the motion for new trial be and the same is set down to be heard before me at chambers, Elberton, Ga., at 11 o'clock a. m., e. w. t. on the 25th day of May, 1942, the movant being given until that time in which to *perfect said motion for new trial.*" (Italics ours.) The controversy here turns on the question whether under the provision as to *perfecting* the motion for new trial by May 25, 1942, the movant was thereby required to file the brief of evidence by that date and the original order was accordingly modified, or whether the provision invoked by the plaintiff in error had reference to completing the motion for new trial by the addition of special grounds and without respect to the filing of the brief of evidence, the original order in that respect being unaffected by the order of May 16, 1942, as contended by the defendant in error.

In *Barnes* v. *Macon & Northern Railroad Co.,* 105 *Ga.* 495 (30 S. E. 883), it was ruled: "Inasmuch as the statute expressly declares that the brief of evidence accompanying a motion for a new trial must be filed during the term at which the trial was had, one who seeks for leave to file such a brief after the expiration of the term, as a matter of right, must obtain a clear and unequivocal order granting such leave; and inasmuch as it is frequently true that the purpose of a movant in procuring an order allowing additional time, after the expiration of a term, to '*complete a motion*' for a new trial, is simply to reserve the right of amending the *grounds* of the motion, an order which merely allows additional time for completing a motion will not, when construed by the judge who granted it as not embracing the privilege of filing a *brief of evidence,* be

differently construed by this court. . . Accordingly, a term order allowing one against whom a verdict had been rendered until the final hearing, in vacation, 'to complete his motion for new trial,' will not, though it recites that it is impossible for the movant to make out and file a brief of evidence before the adjournment of the court, be here construed as extending the time for filing the brief beyond the expiration of the term, when the judge below rules it was not intended to have this effect. As an order of this kind, notwithstanding such recital, does not, as it should do, expressly reserve or grant any right as to the filing of such brief, and is therefore, at least to some extent, ambiguous, the trial judge must be left free to so deal with it as to carry out its true intent and meaning as understood by him." (Italics ours.) In that case the term order did not state that the additional time was allowed to file a *brief of the evidence,* but "to complete his [movant's] motion for a new trial," whereas here the additional time was allowed until the final hearing, for the express purpose of enabling the movant "to prepare and present for approval a brief of the evidence." The trial judge in the *Barnes* case construed his term order giving the movant additional time in which to *complete* his motion as not intended to have the effect of giving him additional time in which to file a *brief of the evidence,* and, it not appearing that such a necessary accompaniment to the motion for new trial had been filed within the term, as provided by statute, dismissed the motion for new trial. The Supreme Court ruled that, as the term order was to some extent ambiguous, the judge should be left free so to deal with it as to carry out its true intent and meaning as understood by him.

The judge in the present case evidently construed his order of May 16, 1942, giving the movant until May 25, 1942, in which to *perfect* the motion for new trial, as referring only to the right to *amend* his motion by additional grounds, subsequently referred to in his order of June 13, 1942, and not as referring to the matter of filing a brief of the evidence, which, under the term order, movant had until the final hearing (June 27, 1942) to file. Otherwise he would have been constrained, on June 13, 1942, to sustain the defendant's objection as then made, or, on June 27, 1942, the defendant's objections and motion to dismiss. The order of May 16, 1942, being ambiguous in the use of the word "perfect," this court

must accept the construction placed thereon by the trial judge. Accordingly we hold that such order, giving the movant the right "to perfect said motion for new trial" by May 25, 1942, did not relate to the filing of a brief of the evidence or in any wise modify or change the term order under which the movant had until the final hearing (June 27, 1942) to present for approval a brief of the evidence. Inasmuch as it was presented for approval on that date, the judge did not err in overruling the objections and the motion to dismiss the motion for new trial.

It is well settled that the first grant of a new trial will not be disturbed unless the verdict as rendered is demanded under the law and the evidence. No brief of the evidence adduced on the trial of the case appearing in the record before this court, it can not be said as a matter of law that the verdict as rendered was demanded. In these circumstances the judgment granting a new trial is affirmed.

The judgment granting a new trial being affirmed, and the case still pending in the trial court, the assignments of error on the exceptions pendente lite to the interlocutory rulings will not be passed on at this time. *Ogletree* v. *Livingston,* 125 *Ga.* 548 (2) (54 S. E. 625); *Armour & Co.* v. *Burkhalter,* 130 *Ga.* 370 (2) (60 S. E. 850); *Peninsular Naval Stores Co.* v. *State,* 144 *Ga.* 108 (2) (86 S. E. 223); *Chandler* v. *Smith,* 145 *Ga.* 299 (3) (89 S. E. 199); *National Life &c. Insurance Co.* v. *Cantrell,* 49 *Ga. App.* 368 (2) (175 S. E. 543).

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*