LEE *v.* CALHOUN *et al.*

No. 15821.   May 16, 1947,

*C. A. Christian,* for plaintiff.

*John T. Ferguson, H. B. Edwards,* and *Steve F. Mitchell,* for defendants.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The first exception complains that the auditor erred in finding that the evidence does not sustain the allegation of the petition that a partnership was to be formed, there being no evidence that there was any agreement whereby losses, if any, were to be shared.

Whether or not the relationship between the petitioner and L. D. Calhoun was a partnership, as contended by the petitioner, or that of principal and agent, as found by the auditor, is immaterial, since an accounting was had and the amount found in favor of. the petitioner was no less than would have been due him if a partnership had been found to exist. Nothing in the way of profits was shown to be in the hands of L. D. Calhoun, and under the contentions of the petitioner he would be entitled only to what funds or property really belonged to him, and an accounting as of agency would benefit the petitioner no less than if predicated upon a partnership.

Accordingly, the petitioner could not be said to have been harmed by the finding of the auditor that the relationship between the petitioner and L. D. Calhoun was that of principal and agent instead of a partnership.

■ The second exception complains of the finding of the auditor that the petitioner failed to establish by a preponderance of the evidence any certain amount which might be due him as his share of profits from the operation of the furniture store. It is insisted that, under the allegations that the petitioner's money derived from the operation of the furniture business was used in the purchase of valuable real property, title to which was taken in the name of Mrs. Reba Calhoun, the doctrine that transactions between husband and wife are to be scanned with care was applicable, and that the burden was upon the husband and wife to show the bona fides of the transaction.

As pointed out in the finding of the auditor, while the evidence of the petitioner was sufficient to establish a strong suspicion that he had not received a proper accounting from L. D. Calhoun in the operation of the furniture business, his evidence was entirely speculative and was not sufficiently satisfactory to enable any

proper accounting to be made. The auditor then proceeded to determine the matter as best he could by reference to books that were kept in the furniture business, and awarded the petitioner a judgment against L. D. Calhoun in the sum of $2627.

There was evidence for the petitioner to the following effect: He and L. D. Calhoun were jointly interested in the operation of a second-hand furniture business. Mrs. Reba Calhoun, the wife of L. D. Calhoun, kept the books and otherwise assisted in the business. The petitioner saw the books from time to time, but kept no records and did not know the exact amount of profits that should have been made during the years 1938 to 1945, or that either of the defendants had taken any money belonging to him. However, when the defendants commenced buying valuable property, he suspected that they were using money that belonged to him. His suspicions were confirmed when an investigation of representations made to him by Mrs. Reba Calhoun, that she had sold real estate in North Carolina, showed that such representations were untrue. Mrs. Reba Calhoun testified positively that she did own the real estate in North Carolina which she sold to a named person. She also testified to the following effect: She operated a farm and sold hogs, flower cuttings, milk and butter. She received a Government allotment of $30 a month for taking care of her stepson's child, and $190 a month as rental on the property she bought, which was applied against the purchase-price thereof, and no part of the purchase-price was paid with money belonging to the petitioner. The uncontradicted evidence showed that she purchased four pieces of real property at various times, taking title thereto in her own name, one of which was purchased from the petitioner, and none of which was purchased from, or given to her by her husband.

It is true that whenever a transaction is between husband and wife and the creditors of the husband attack it for fraud, if the wife claims the property purchased or received from the husband, the onus is upon her to make a fair showing about the whole transaction. *Jones* v. *J. S. H. Company*, 199 *Ga.* 755 (1) 769 (35 S. E. 2d, 288). Yet the Code section upon which the above principle is predicated also provides that, where the wife has a separate estate, and purchases from others than her husband, and the property is levied on as the property of the husband, the onus is

upon the creditor to show fraud or collusion, or that the wife did not have any separate estate or means wherewith to purchase the property. Code, § 53-505; *Richardson & Co.* v. *Subers,* 82 *Ga.* 427 (9 S. E. 172).

Applying the above principles of law to the pleadings and evidence in the present case, a finding by the auditor, that the onus was upon the wife to make a fair showing about the whole transaction, was not demanded as a matter of law. Accordingly, the auditor did not err in finding that the petitioner failed to establish by a preponderance of the evidence any certain amount which might be due him as his share of profits from the operation of the furniture store.

The instant case is distinguished on its facts from *Mattox* v. *West,* 194 *Ga.* 310 (21 S. E. 2d, 428), where, among the means employed to convey the property into the wife, there was a deed from certain persons who had granted to the husband an option to purchase lands, which he transferred to his wife and procured extensions thereon in her name.

■ The third and fourth exceptions are also based upon the contention that the burden was on the defendants to show the source from which the funds were derived for the purchase of the real property; and for the further reason that the auditor found that—the petitioner, having furnished to L. D. Calhoun a stock of goods valued at $3000, and it appearing that at the time a receiver was appointed the stock amounted only to $373—L. D. Calhoun was indebted to the petitioner in the sum of $2627, and further indebted to the petitioner in the sum of $1068 on his contract to collect rent, for both of which amounts the petitioner was entitled to a judgment, and yet the auditor found that the petitioner was not entitled to a lien upon any of the property which had been bought and the title taken in the name of Reba Calhoun during the operation of the business.

Under the conflicting evidence above set forth there is no merit in these exceptions.

■ The fifth exception complains that, the auditor having found that L. D. Calhoun admitted to the petitioner that he had used the petitioner's money in the purchase of the property, the title to which was taken in the name of Mrs. Reba Calhoun, the burden was upon the defendants in equity and good conscience to show

that the property had been purchased with funds belonging to Mrs. Calhoun.

There is no merit in this exception. The uncontroverted evidence shows that Mrs. Reba Calhoun was separated from her husband, L. D. Calhoun, during the pendency of a suit for divorce that was withdrawn after the filing of the present petition, and was not present but on the contrary was living in North Carolina at the time of the alleged admission in Georgia by L. D. Calhoun to the petitioner. In *Virgin* v. *Dunwoody*, 93 *Ga.* 104 (19 S. E. 84), this court held: "The court erred in admitting evidence of the declarations of the defendant's husband, made to the plaintiff when the defendant was not present, to the effect that the defendant was, or had agreed to become, a copartner of the plaintiff in the business in lieu of her husband." Similar rulings were made in *Hamilton* v. *Duvall*, 142 *Ga.* 432 (4) (83 S. E. 103), and *Graham* v. *Walsh*, 14 *Ga. App.* 287 (80 S. E. 693).

It might be added that, while the auditor did find that the defendant had made the admission as contended by the petitioner, he also found that the admission was not binding upon Mrs. Reba Calhoun, such evidence being merely hearsay as to her.

■ The sixth exception complains that the auditor erred in not finding that the petitioner was entitled to a lien upon the real property, which had been purchased by Mrs. Reba Calhoun and the title thereto taken in her name, to the extent of the value of certain guano used on a farm operated by her.

While the petition alleges that guano belonging to the petitioner was used on a farm operated by Mrs. Reba Calhoun, these allegations were denied in the answers filed by the defendants, and a careful reading of the evidence introduced at the hearing before the auditor fails to disclose any reference to such guano.

The auditor did not err, in the absence of any evidence on the question, in failing to find that the petitioner was entitled to the above-mentioned lien.

■ In an equity case, exceptions of fact to an auditor's report are to be submitted to a jury only when approved by the trial judge; and an order overruling such exceptions will not be reversed by this court if the findings of the auditor are supported by any evidence, even though the evidence may be conflicting. *Mitchell*

v. *Turner,* 190 *Ga.* 485 (9 S. E. 2d, 621) ; *Grant* v. *Grant,* 202 *Ga.* 40 (41 S. E. 2d, 534 (3)).

Applying the above principle of law to the facts disclosed by the record in the present case, it appears that the evidence, though conflicting, supported the findings of fact by the auditor. Accordingly, the trial court did not err in sustaining the findings of fact by the auditor and in entering a decree in conformity therewith.          *Judgment affirmed.    All the Justices concur.*