## BLACKBURN *v.* ALABAMA MIDLAND RAILWAY CO.

## ALABAMA MIDLAND RAILWAY CO. *v.* BLACKBURN,

### and *vice versa.*

When, by an order passed in term, a motion for a new trial is set to be heard on a particular day, and the same order requires the movant to present a brief of evidence to the judge for approval in vacation on another named day prior to that set for the hearing, the judge is without jurisdiction, on the day fixed for the presentation of the brief, to lawfully extend the time for such presentation ; and when thereafter he approves a brief of the evidence presented in accordance with an order granted on the day fixed by the order in term for the presentation of the brief, and proceeds to a hearing of the motion, it is error to refuse to dismiss the motion for a new trial on the ground that it is not accompanied with a brief of evidence presented and filed according to law.

Argued November 24, 1902. — Decided January 10, 1903. Rehearing denied January 22, 1903.

Motion for new trial.    Before Judge Spence.    Decatur superior court.    January 27, 1902.

*W. M. Harrell, Toomer & Reynolds,* and *King & Spalding,* for plaintiff.    *Hawes & Hawes,* for defendant.

Little, J.    Blackburn instituted an action against the Alabama Midland Railway Company, to recover damages for personal injuries which it is alleged he sustained by reason of the negligence of the servants of the company in the running and operation of a train of cars on its line of railroad.    The trial resulted in a verdict for the plaintiff.    The defendant filed a motion for a new trial, on the grounds that the verdict was contrary to law, contrary to the evidence, and without evidence to support it.    At the same term at which the verdict was rendered, and on presentation of said motion, the court passed the following order: " The above motion having been submitted to the court at the same term at which

said trial was had and in time for the submission of a motion of this character, the above grounds of the motion for a new trial are read and considered and approved by the court. It further appearing that it is impossible for the movants to prepare and make out and present for approval the brief of evidence in said case during the present sitting of the court, that movants have until the first Monday of January, 1902, to present said evidence for approval; and, after the same is approved, that they have until the second Monday of January, 1902, in which to file said approved brief of evidence. It is further ordered that defendants have, until the time set for the filing of said brief of evidence, the right to amend said motion by amending the grounds already taken, as well as by adding distinct and additional grounds of the motion for a new trial, subject to the approval of the court when said amendments and additional grounds of the motion for new trial are submitted. It is further ordered that a copy of this motion be served upon the plaintiff, M. E. Blackburn, or his counsel, within five days from this date, and that they show cause before me on the second Monday in January, 1902, why said motion for new trial should not be granted." No brief of the evidence was presented for approval on the first Monday in January, but on that day the judge at chambers passed another order as follows: " It appearing to the court that the above motion was set for a hearing on the second Monday in January, 1902, it further appearing that it is impossible to prepare and present for approval the brief of evidence by that time, it is ordered that said motion be continued until the 4th Monday of January, 1902, and that same be heard at Camilla, Ga., on said date, and that the defendants have until that time to prepare, make out, and file for approval the brief of evidence in said case, and also such amended grounds of original motion as they may desire; said motion being continued upon the same terms and conditions as originally continued, and movants have the same rights and privileges as they had on said original motion." It does not appear that on the second Monday in January the motion was taken up, or that any action of any character relating thereto was had on that day. On the fourth Monday in January, which was the 27th day of the month, the motion was taken up for a hearing by the judge in chambers, at which time Blackburn, the respondent, submitted a motion in writing to dismiss the motion for

a new trial, on the ground that no brief of the evidence had been filed as required by law, or by any order granted in the case. The motion to dismiss was then and there overruled by the judge, and to the order overruling the same Blackburn excepted. The hearing of the motion then proceeded, and resulted in an order overruling the motion for a new trial. Blackburn then sued out an original bill of exceptions, assigning as error the action of the judge in overruling the motion to dismiss the motion for a new trial. The movant, the railroad company, also sued out a bill of exceptions, assigning as error the action of the judge in overruling the motion for a new trial; and with this bill of exceptions Blackburn filed a cross-bill of exceptions, in which he again assigned as error the refusal of the judge to dismiss the motion for a new trial, the questions in the cross-bill being exactly those made by his original bill of exceptions.

These cases were, by consent of all the parties, presented to this court together. They have been considered in the same manner, and will all be disposed of by the ruling herein made. It does not become necessary to consider and pass upon any of the questions made in the main or cross-bill of exceptions, inasmuch as we have reached the conclusion that the motion for a new trial should have been dismissed, on motion of the respondent, for the reason that no legal brief of evidence accompanied the motion, and the only question raised in the cross-bill is the one raised by Blackburn in his original bill of exceptions. The direct question presented is, whether, when the movant in the motion for a new trial failed to present for approval a brief of the evidence on January 6, in accordance with the order taken in term, the judge had any power, by an order passed on that day, to extend the time in which the movant could prepare, present, and file such brief. It is provided by the Civil Code, § 5484, not only that all applications for new trial (except extraordinary motions) must be made during the term at which the trial was had, but also that a brief of evidence, subject to the approval of the judge and to the right of amendment, shall accompany the motion. This is a general rule of law. There are, however, exceptions to this rule, which have grown up and been recognized from necessity, and to which we will presently refer. The code section which sets out this general rule declares also that applications for new trial may be heard, determined,

and returned in vacation; but under a statute which is not applicable to the present case, and to which we will call attention later, we know of no provision of law which allows the hearing of such a motion in vacation, unless an order that the same be done shall have been considered and passed in term, and then the authority and jurisdiction to hear and determine the motion rests on the terms of the order so made. The Civil Code, §§ 4323 – 4 (codified from an act of the General Assembly approved December 14, 1895), prescribes that motions for new trials may be heard in vacation without any order passed in term, at a time to be fixed by the judge on the application of either party, of which due notice shall be given. Inasmuch, however, as the hearing in the case we are now considering was not had under these provisions, all questions affecting the legality of the same must be determined by the general rules of law stated above, and which alone apply. Outside of the statute above referred to, an order in term is absolutely necessary to give jurisdiction, and in more than one case this court has declared that the order so taken must be literally followed. In the case of *W. & A. R. Co.* v. *Johnson*, 59 *Ga.* 626, it was ruled: "If, instead of resting on and pursuing the strict law of new trials, a party enters into a consent order to file his motion within a given time after the adjournment of the court, and to file an approved brief of the evidence within the same time, he must abide by his bargain. Time is of the essence of the contract, and an excuse for delay should amount to providential cause, or be disregarded." To the same effect see *Pease* v. *Pease*, 66 *Ga.* 277. In the present case an order was duly passed in term. As has been seen, its provisions were, in effect, that, while the motion was set to be heard on the second Monday in January, it required the movant to prepare the brief of evidence in the case, and present the same to the judge for approval on the first Monday in January. Confessedly this was not done, and therefore the order was not complied with in this respect. Bearing in mind that the general rule of law required this brief of evidence to be filed during the term at which the trial was had, and that the validity of its presentation and filing in vacation depended upon a strict compliance with the terms of the order setting it to be heard in vacation, it follows that no brief of evidence which was not presented for approval on the first Monday in January would be legal.

It has been repeatedly ruled by this court, when a case is set for a hearing in vacation, that on the day set it is within the power of the judge to continue the hearing to a subsequent date; and this is so because, as ruled in the case of *A., K. & N. Ry. Co.* v. *Strickland,* 114 *Ga.* 998, the particular day in vacation for which the case is set is, relatively to such motion, in legal contemplation a continuation of the term at which the order was granted. Indeed, it is now a provision of the code that at the time fixed in vacation the judge may adjourn the hearing to another day in vacation. Civil Code, § 5485. But this is a very different proposition from that which allows a brief of evidence to be prepared and presented at a time different from that fixed by the term order. The jurisdiction to postpone a hearing is given by the statute, but there is no authority that a condition annexed to the presentation of the brief of evidence by the terms of an order granted in term can be changed by the judge in vacation. Indeed, the code section to which we have last referred declares, in terms, that "Where an order is taken to hear a motion for a new trial in vacation, the brief of evidence must be presented for approval within the time fixed by the order, or else the motion will be dismissed." In the case of *Cohen* v. *Lester,* 103 *Ga.* 565, it was ruled, in effect, that where no brief of evidence was filed until the time fixed in the first order had expired, it was error to approve the brief of evidence afterwards presented. In *W. & A. R. Co.* v. *Callaway,* 111 *Ga.* 889, it was also expressly ruled that "When the time for filing in vacation a brief of evidence to accompany a motion for a new trial is expressly limited by an order of the court, and the brief is not filed within that time, it is not erroneous to dismiss the motion. So, too, in the case of *Baker* v. *Johnson,* 99 *Ga.* 374, it was ruled that when the movant obtains an order allowing him until a future time in vacation to prepare and file a brief of the evidence, he " must abide by the terms of the order thus obtained; and consequently if no brief of evidence is prepared and presented, the motion for a new trial is not made either in the manner required by law or in that pointed out by the order, and therefore is subject to be dismissed on motion." In the case of *Eason* v. *Americus,* 106 *Ga.* 179, it was declared by this court that the terms of an order granting time to file in vacation a brief of the evidence must be strictly complied with, and that non-compliance is not excused be-

cause of failure on the part of the stenographer who took down the testimony to write out his report thereof in time for use in preparing the brief within the period limited by such order.    In the case of *Hyatt* v. *Cowan*, 115 *Ga*. 608, it was further ruled that "Though by an order duly granted a movant for a new trial may be allowed until the final hearing of the motion to file a brief of evidence, yet if by a subsequent order the time for filing such brief is expressly limited to a day named, it must be filed on or before that day, or the motion is subject to dismissal, and should be dismissed if the respondent therein so demands."

Had the movant in this case secured an order in term that he should have until the hearing to prepare and present a brief of the evidence, and at the hearing it had been continued to a future day, under previous rulings of this court the time for preparation and presentation would be extended until the time of the actual hearing.    But the soundness of that rule is not involved in the present case.  Here the court granted an order that the brief of evidence should be prepared and presented on a particular day.  Under the rule established by the authorities which we have cited, the time for the movant to present such brief was limited to that day.  The hearing was set by the same order for a different and distinct day, and yet on the day named for the presentation of the brief the judge granted further time for its preparation and presentation.  Deriving, as he must, his authority from the term order to deal with the motion for a new trial, the judge was entirely without power to extend the time for the preparation of the brief of evidence.  That had been fixed by the order, and when, on a day different from the hearing, he so provided, that order was a nullity for want of jurisdiction in the judge to pass the same.  Being so, the brief which was prepared and presented subsequently was not made and presented in compliance with the order granted in term; and when the judge on the last-named day entertained the motion, it was unaccompanied by such a brief of evidence as the law recognizes as legal, and hence should have been dismissed on motion.  This ruling disposes of the case, and the judgment overruling the motion to dismiss the motion for a new trial is

*Reversed; and the main and cross bills of exceptions are dismissed.  All the Justices concurring, except Lumpkin, P. J., absent.*