*Henry Walker,* for plaintiff in error.
*R. T. Fouché* and *M. B. Eubanks,* contra.

## BROADWAY NATIONAL BANK *v.* KENDRICK.

The hearing of a motion for a new trial having been set for a future day in term time, by an order which required the movant to file a brief of the evidence on or before a specified date, it was not within the power of the judge, before the hearing and at a time when the court was not in session, to extend, by an ex parte order, the time within which the brief of the evidence should be filed. But when the motion came on for a hearing, it was within the discretion of the court to decline to dis-

miss it on the ground that the brief of the evidence had not been filed within the time limited by the original order, if the movant was not chargeable with laches in failing to comply with the terms thereof.

Argued January 22,—Decided February 21, 1906.

Motion for new trial. Before Judge Henry. Floyd superior court. March 21, 1905.

*Henry Walker,* for plaintiff. *M. B. Eubanks,* contra.

EVANS, J. This was a claim case which was tried in the superior court of Floyd county on January 27, 1905, during the regular January term of that court. The presiding judge directed a verdict in favor of the claimant; and on February 25, the Broadway National Bank, the plaintiff in fi. fa., filed its motion for a new trial. By an order passed on that day, the movant was given until March 16, 1905, to file a brief of the evidence in the case, and until the hearing-to complete its motion; and in the same order the claimant was called on to show cause during the term why the motion should not be granted. By a previous order, passed on February 1, it was provided that in so far as the transaction of business requiring the presence of a jury was concerned, the court would take a recess till such time as might thereafter, by order of the judge, be designated; but in the meantime, and till the final adjournment of the court for the term, it should remain open for the transaction of all business and for all purposes not requiring the presence of a jury. On March 15, during this recess and while the judge was holding the superior court of Chattooga county, one of the courts of his circuit, he received by mail from the movant's counsel an urgent request for an extension of the time allowed for filing a brief of the evidence; and, in response to this request, the judge signed and at once sent to movant's counsel an order extending the time to March 20. On that date, at the earnest solicitation of counsel for the movant, the judge passed another ex parte order, giving counsel till March 24 to file a brief of the evidence, with the terms of which order movant's counsel complied by filing the brief on that day in advance of a hearing of the motion for a new trial on its merits, that date having been fixed for such hearing. When, on March 24, the motion for a new trial came on to be heard, counsel for the respondent moved to dismiss the same "for want of a brief of evidence filed according to law." After argument of counsel on the motion to dismiss, it was sustained by the

court, on the ground that the order of March 15, extending the time for filing the brief of the evidence to March 20, "was improvidently granted, and that the judge, at the time and place and under the circumstances, was without authority to grant said extension of time." To this judgment of dismissal exception is taken.

The motion for a new trial was, by the order passed February 25, set for a hearing during the January term of the superior court of Floyd county, which had not at that time been finally adjourned, and could be called at any time during that term, upon due notice to counsel, when the court was in session. But it affirmatively appears that the court was not in session on March 15, when the judge, while holding the superior court of Chattooga county, passed an ex parte order giving to movant's counsel additional time within which to file a brief of the evidence. This being so, the judge was without jurisdiction to then and there pass any order affecting the rights of either of the parties to the motion for a new trial, their respective rights having been previously fixed by the order of February 25, passed before a final adjournment of the January term, setting the hearing of the motion for some future day during that term. If it became impossible for the movant's counsel to comply with the terms of that order with respect to filing a brief of the evidence on or before March 16, this fact could not be properly brought to the attention of the court until such time as it might, while actually in session, call up the motion for a hearing on its merits and give to it such direction as might be necessary and proper. Then, but not until then, would any order affecting the rights of the parties be binding upon them.

As has been repeatedly held, a trial judge may in term time, "by order passed when the motion for new trial is made, extend the time" prescribed by the Civil Code, §5484, "for filing the brief of evidence to any day in the future before the motion is finally heard and determined." *Cross* v. *Coffin-Fletcher Co.,* 123 *Ga.* 818-819. But when the movant, "instead of pursuing the strict law in such cases provided, obtains an order allowing him until a future time . . to prepare and file a brief of the evidence in the case and to amend the motion, he must abide by the terms of the order thus obtained," and can not, as matter of right, demand additional time within which to present the required brief. *Baker* v. *Johnson,* 99 *Ga.* 374. Unless the order be passed by consent of the respondent,

the trial judge may, at the hearing of the motion for a new trial, decline to dismiss it because of the movant's failure to file a brief of the evidence within the time limited by the order. *Williams* v. *Central Railroad,* 77 *Ga.* 612. So long as the court has jurisdiction over the motion, it may, in its discretion, extend the time for filing a brief of the evidence. *Maynard* v. *Head,* 78 *Ga.* 190; *Thomas* v. *Dockins,* 75 *Ga.* 347; *Napier* v. *Heilker,* 115 *Ga.* 170. Accordingly, when the motion filed in this case came on to be heard on March 24, it was within the power of the judge, notwithstanding the rights of the movant had not been preserved by the ex parte orders of March 15 and March 20, to approve the brief of the evidence and hear the motion on its merits. Of course it would have been proper for the judge to call upon movant's counsel to show cause why the brief of evidence had not been filed in accordance with the terms of the original order of February 25, and what reasons counsel had for invoking the ineffectual order of March 15, purporting to grant further indulgence. However, as it is apparent that the judge did not undertake to exercise any discretion in the matter, but sustained the motion to dismiss upon the idea that the order passed on the date last named was a nullity and the court was without jurisdiction to deal with the motion for a new trial on its merits because the brief of evidence had not been filed on or before March 16, the judgment of dismissal should be reversed (*Napier* v. *Heilker,* supra), to the end that the movant may have an opportunity of showing to the satisfaction of the court that the failure to comply with the terms of its original order was not due to the laches of counsel, if such be the truth of the matter.         *Judgment reversed. All the Justices concur.*