LAMBERT HOISTING ENGINE COMPANY *v.* BRAY & COMPANY.

Under the facts stated in the record, there was no such abuse of discretion by the trial court in dismissing the motion for a new trial as will require a reversal of the judgment.

Submitted July 18, 1906.—Decided February 14, 1907.

Motion for new trial. Before Judge Mitchell. Berrien superior court. September 29, 1905.

*E. B. Baxter, Hendricks, Smith & Christian,* for plaintiff.
*H. B. Peeples, Denmark, Ashley, & Smith,* for defendants.

ATKINSON, J.   On March 21, 1905, a motion for new trial was filed and an order granted setting the hearing for a day in vacation, the order allowing the movant until the hearing—whether upon the date named or upon a subsequent date thereafter fixed—to have a brief of evidence approved and filed.   The hearing by subsequent orders regularly granted was continued from time to time until September 29, 1905, the several orders preserving the rights of the parties as expressed in the original order.   On the day last named, which was during a subsequent term of court, the case was called, and there being no brief of evidence filed and approved, the court, upon motion, dismissed the motion for new trial. Leading counsel for the movant contended that he was sick and physically unable to proceed with the hearing, and that his failure to have a brief of evidence complete was due to his inability to procure from the official stenographer a transcript of the evidence, and that he had exercised due diligence to obtain the same.   After dismissal of the motion for new trial, the movant made a motion to reinstate the case, and, as cause therefor, insisted upon his physical inability to proceed with the hearing at the time the motion was dismissed, and also his inability to obtain from the stenographer the transcript of evidence.   In support of this motion numerous letters were offered, constituting the correspondence between counsel for the movant and the stenographer, which were sufficient to show due diligence upon the part of counsel to obtain the transcript.   The motion to reinstate was denied.   Movant, within the time allowed by law, excepted to the ruling of the court in dismissing the motion, and as well to the ruling refusing to reinstate, and assigns error thereon.

1.   Under the case of *Rawlins* v. *State,* 124 *Ga.* 33 (19), followed by *Rowland* v. *State* and *Carter* v. *Pitts,* 125 *Ga.* 792, it was for the judge to say whether the physical condition of counsel was such that the case should have been continued; and as he did not think the indisposition was such as to require a continuance, we will not control his discretion.

2.   Under the rulings made in the case of *Western & Atlantic R. Co.* v. *Callaway,* 111 *Ga.* 889, *Boatwright* v. *State,* 91 *Ga.* 13, *Bryant* v. *Gray,* 105 *Ga.* 483, and *Eason* v. *Americus,* 106 *Ga.* 179, we can not hold that the judge abused his discretion in dismissing the motion for new trial, on the ground that no brief of evidence

had been approved and filed, or in refusing to reinstate the same upon the ground that the stenographer did not furnish the transcript of his stenographic report of the evidence.

3. The order of dismissal, being general, without specifying the particular ground of the motion to dismiss upon which it was based, will be construed as contemplating every ground included in the motion to dismiss; and it being necessary to affirm the judgment upon the grounds already stated, it is unnecessary to discuss other grounds specified in the motion to dismiss.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*