EADY *v.* ATLANTIC COAST LINE RAILROAD COMPANY.

ATKINSON, J.  1. When a motion for a new trial was duly filed during the term at which the verdict was rendered, and at that term the judge passed an order continuing the motion to an indefinite and unnamed day in vacation, but providing that if the motion was not previously heard in vacation, it should stand on the docket to be heard during the next term of court, and no brief of evidence was filed with the motion, but in the order above referred to it was provided "that movant have until the hearing, whenever it may be," to prepare and present the brief of evidence, and the brief of evidence was not filed until the next term after the order was passed, the court had jurisdiction at that term to approve the brief of evidence and to decide the motion on its merits.  The rulings in *Napier* v. *Heilker,* 115 *Ga.* 168 (41 S. E. 689), *Mutual Life Ins. Co.* v. *Hamilton,* 119 *Ga.* 340 (46 S. E. 434), and *Broadway National Bank* v. *Kendrick,* 124 *Ga.* 1053 (53 S. E. 576), holding that the judge had jurisdiction to approve the brief of evidence and entertain the motion for new trial, are, upon review, adhered to and reaffirmed.

2. There is nothing in the rulings in the cases referred to in the preceding note which conflicts with the ruling made in *Blackburn* v. *Alabama Midland Ry. Co.,* 116 *Ga.* 936 (43 S. E. 366).  In that case the original order was granted at the term when the motion for new trial was filed, and fixed a stated day in vacation for the presentation of the brief and a subsequent day in vacation for the hearing of the motion.  If the day for the presentation of the brief and the day for the hearing had been the same, or if the motion had been called during term and not in vacation, the ruling in that case might have been different.

3. When the Court of Appeals certifies to the Supreme Court a question asking for instructions as to the validity of a rule nisi in a motion for new trial, the question will be considered and answered in the light of the rule nisi accompanying the certificate.

4. A motion for new trial having been presented to the judge within due time, during the term at which the trial was had, and the judge having passed an order providing that "the motion be heard and determined in vacation at such time and place as the court in vacation may fix, upon giving both sides five days notice of such time and place.  .  .  If for any reason said motion is not heard and determined at the time and place fixed by the court as above provided, it is ordered that the same shall stand continued and be heard and determined thereafter at such time and place as counsel may agree upon and the court approve of; and upon failure of counsel to agree, then at such time and place as the judge may in vacation fix upon his own motion or upon the application of either party, of which said time and place both sides or parties shall have five days notice.  It is further ordered that if for any reason this motion is not heard and determined in vacation before the beginning of the next term of this court, then the same shall stand on the docket until heard and determined at the said term thereafter."  *Held,* that the effect of this order was to make the mo-

tion for new trial returnable at the next term of the court, but the hearing of the same might be accelerated under the provisions thereof, and such rule nisi was valid.

Argued May 6,—Decided October 5, 1907.

This case was transmitted to the Supreme Court with the following certificate: "The Court of Appeals desires the instruction of the Supreme Court as to the following questions of law for the proper decision of the above-stated case, to wit:

1. At the September term of a city court a motion for a new trial was filed in a case tried at that term of the court; the judge passed an order continuing the motion to an indefinite and unnamed day in vacation, but providing that if it was not previously heard in vacation it should stand on the docket to be heard and determined during the next (the December) term of the court. No brief of the evidence was filed with the motion, but in the order above mentioned it was provided 'that the movant have until the hearing, whenever it may be,' to prepare and present the brief of evidence. The brief of the evidence was filed during the December term of the court. The motion for new trial was called to be heard at the following June term of the court; respondent moved to dismiss the motion for a new trial, on the ground that the brief of the evidence was not filed during the term at which the trial was had, nor at any other time when it could lawfully be filed; the judge refused to dismiss the motion, and over respondent's objection approved the brief of the evidence and granted a new trial. Upon the facts above stated, did the trial judge, at the June term of the court, have the jurisdiction, discretion, or power to approve the brief of evidence? Counsel for respondent in the motion, now plaintiff in error, has filed in this court a request to review, modify, and overrule, so far as they interfere with the answering of the foregoing question in the negative, the following decisions of the Supreme Court, to wit, *Napier* v. *Heilker,* 115 *Ga.* 168; *Mutual Life Ins. Co.* v. *Hamilton,* 119 *Ga.* 340; *Broadway National Bank* v. *Kendrick,* 124 *Ga.* 1053; and pursuant to the rule of this court, this request is transmitted to the Supreme Court for its action thereon.

2. This court requests the Supreme Court to distinguish the decision of the Supreme Court in *Blackburn* v. *Alabama Midland Railway Co.,* 116 *Ga.* 936, from the decisions in the three cases

named, and to answer whether that decision is applicable to the facts set out above.

3. Is the following a valid rule nisi upon a motion for a new trial: 'It is ordered that the respondent [naming him] show cause before me, at the time and place hereafter fixed in vacation [no time in vacation in fact being fixed], why the foregoing motion for a new trial should not be granted'.?

4. If the third question be answered in the negative, can the respondent, who during the same term signed the following acknowledgment of service: 'Due and legal service acknowledged on the above and foregoing motion for a new trial, and the rule nisi and order of the court on said motion and all further service and notice waived,' successfully demand a dismissal of the motion, when finally called for a hearing, on account of the lack of a sufficient rule nisi?"

The order referred to in question number 3 in its entirety was as follows: "City Court of Sylvester, Worth County, Georgia, Sept. adjourned term, 1905. S. A. Eady v. Atlantic Coast Line Railroad Company. Suit for damages in the city court of Sylvester, Worth County. Trial Sept. adj. term, 1905. Verdict and judgment at said term, and on the 13th day of October, 1905, for plaintiff for $2500.00. Having read and considered the foregoing motion for new trial in the above-stated case, the grounds of the same are approved and certified as true. It appearing to the court that it is impossible to make out and complete a brief of the testimony in said case before adjournment of this term of court, it is ordered, considered, and adjudged by the court that said motion be heard and determined in vacation, at such time and place as the court in vacation may fix, upon giving both sides five days notice of such time and place; and the movant may amend said motion at any time before or at the final hearing. If for any reason said motion is not heard and determined at the time and place fixed by the court, as above provided, it is ordered that the same shall stand continued and be heard and determined thereafter at such time and place as the counsel may agree upon and the court approve of; and upon failure of counsel to agree, then at such time and place as the judge may in vacation fix upon his own motion or upon the application of either party, and of which said time and place both sides or parties shall have five

days notice. It is further ordered that if for any reason this motion is not heard and determined during vacation, before the beginning of the next term of this court, then the same shall stand on the docket until heard and determined at said term thereafter. It is expressly ordered that if for any reason the said motion is not heard and determined at the time and place fixed by the court in vacation, the same shall stand continued by direction or consent of the court, without written order, to such other time and place as the court may direct in vacation, both sides to be given five days notice of such time and place of the hearing. It is further ordered that the movants have until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence in said case, and the judge may enter his approval thereon at any time in term or vacation; and if the hearing be in vacation, and the brief of evidence has not been filed in the office of the clerk of said city court before the date of the hearing and determining by the court of the motion for new trial, said brief of evidence may be filed in the office of said court at any time within ten days after the motion for new trial is heard and determined. It is further ordered that the plaintiff, S. A. Eady, show cause before me, at the time and place hereafter fixed in vacation, why the said foregoing motion for new trial should not be granted. It is further ordered that the plaintiff, S. A. Eady, or their counsel be served with a copy of the said motion for new trial and this order and rule nisi at least five days before the time fixed for the hearing of said motion for new trial, and that this order shall act as a supersedeas until the further order of the court. Witness my hand and official signature in open court this the 14th day of October, 1905, at 2:45 o'clock, P. M. [Signed] Frank Park, Judge City Court of Sylvester, Worth County, Ga."

*Joseph H. Hall, Warren Roberts,* and *Polhill & Williamson,* for plaintiff. *W. E. Kay, Bennet & Conyers, T. R. Perry,* and *J. H. Tipton,* for defendant.