### WARD *v.* WARD *et al.*

Under the facts disclosed by the record, the trial judge did not abuse his discretion in dismissing the motion for a new trial, upon the ground that no brief of evidence had been duly filed.

JUNE 30, 1910.

Motion for new trial.    Before Judge Wright.    Walker superior court.   April 20, 1907.

*Payne & Payne* and *R. M. W. Glenn,* for plaintiff.

*James P. Shattuck* and *F. W. Copeland,* for defendants.

FISH, C. J.   This case was tried at the August term, 1908, of the superior court of Walker county, and a verdict rendered in favor of the defendants.   During the same term the plaintiff moved for a new trial, and an order was passed setting the hearing of the motion for the first Monday in October, 1908, and giving movant "until the final hearing of the motion to prepare and present for approval of the court a brief of the evidence in said case."   On October 5, 1908, the hearing of the motion was continued until November 10, 1908, to be then heard at Rome.   For some reason the motion was not heard at that time, and it was called, in its order, on March 5, 1909, at the February term, 1909, of the court. Counsel for defendants then moved to dismiss the motion for a new trial, upon the ground that no brief of evidence had been filed. Movant's counsel insisted that the brief of evidence could not be prepared, because there were some interrogatories which were used upon the trial, which he could not get from the clerk of the court. After argument upon this motion to dismiss, the judge withheld his decision thereon until April 20, 1909, when the case came up for final order.   Movant's counsel then tendered a brief of evidence for approval, stating that a brief could not be completed earlier, for the reason that the clerk of the court, who had had possession of certain interrogatories used on the trial, had declined to deliver them to counsel for movant; that all the other portions of the brief had been completed for presentation prior to the February term, but a complete brief could not be made until April 19, the clerk not having delivered the interrogatories until Saturday, April 17.

It will be seen, from the above statement of facts, that the last order, continuing the hearing of the motion for a new trial until a later date than that which had been previously fixed, was passed on October 5, 1908, and continued the hearing until November 10, 1908.   As the motion was not heard on the last-mentioned date and no order setting the hearing for a later date was then passed, and it does not appear that the failure to hear the motion at that time was attributable to laches on the part of the movant, the motion went over, by operation of law, to the next term of the court,

to be then called in its order and passed upon.  Civil Code, § 5485.
The next term of the court was the February term, 1909.  On
March 5, during this term, the motion was called in its order, and
no order was passed continuing the hearing until a later date, but
a motion was made to dismiss the motion for a new trial, upon the
ground that no brief of evidence had been filed, and this motion
was argued, and, after argument, the judge simply withheld his
decision upon the same until a later date, to wit April 20, 1909,
when he announced his decision sustaining the motion to dismiss.
No brief of evidence was presented for approval until April 20,
1909, the date upon which the judge was to announce his decision
upon the motion to dismiss.  It is obvious that the time allowed
the movant in the motion for a new trial in which to prepare and
present for approval a brief of the evidence, which was "until the
final hearing of the motion" for a ·new trial, had then expired.
The final hearing of the motion for a new trial was on March 5,
1909, when it was regularly called, in term, for a hearing, and no
order of continuance or postponement was passed.  The mere hold-
ing up of the decision of the court upon the motion to dismiss
could not have the effect of continuing the hearing of the motion
for a new trial from the time when it was regularly called, in its
order, in open court, for determination, until a later date.  The
time for the final hearing of the motion for a new trial had arrived
and had passed when the brief of evidence was presented.  When it
was presented, the court was not sitting for the purpose of hearing
the motion for a new trial, but merely for the purpose of announc-
ing its decision upon the motion to dismiss.  The mere failure or
refusal of the clerk of the court to deliver to counsel for movant
in the motion for a new trial certain interrogatories, which had
been used upon the trial of the case, afforded no legal reason
which required the court to further postpone the final hearing of
the motion, in order to give the movant more time in which to pre-
pare and present for approval a brief of the evidence.  *Boatright*
v. *State,* 91 *Ga.* 13 (16 S. E. 101) ; *Eason* v. *Americus,* 106 *Ga.*
179 (32 S. E. 106) ; *Western & Atlantic R. Co.* v. *Callaway,* 111
*Ga.* 889 (36 S. E. 967) ; *Lambert Hoisting Engine Co.* v. *Bray,*
127 *Ga.* 452 (56 S. E. 513) ; *Brewer* v. *New England Mortgage
Security Co.,* 130 *Ga.* 761 (61 S. E. 712).

                    *Judgment affirmed.  All the Justices concur.*