## 2371.   GUTHRIE *v.* HENDLEY.

1. A motion for a new trial is not complete before the brief of evidence has been approved.   Where the court in its order specifically limits the time within which the brief of evidence must be presented, and no brief is presented within that time, it is not error to dismiss this incomplete and defective motion for a new trial.

2. A movant for a new trial is not confined to the record prepared by the stenographer, or dependent upon it, for the preparation of the brief of evidence necessary to complete his motion; and the fact that the stenographer may have failed to make a copy of the testimony submitted at the trial, when offered as an excuse for counsel's non-performance of his duty to prepare a brief of evidence, is entitled to no more value than the court sees proper to give it under the circumstances. The duty of preparing the brief of evidence is upon the movant, and is not dependent upon whether a stenographer was or was not engaged to take the testimony in the case.   Where, by an order passed in term time, the hearing of the motion for a new trial was fixed for a day certain, and the time granted for the preparation and presentation of the brief of evidence necessary to complete the motion was expressly limited to that day, and no brief of evidence was prepared according to the terms of the order or within the time allowed therein, it was especially not error at a later day to dismiss this motion for a new trial, instead of granting a continuance, when it was admitted that the brief of evidence had not even then been prepared.   This is true although the stenographer had not copied the notes of the testimony, and the judge who presided in the trial of the case had died.   The fact that there was no judge qualified to hear the motion or to extend the time for hearing, upon the day on or before which a brief of evidence was required to be presented, afforded no excuse for the movant's negligence and non-compliance with the terms of the original order of the court.

DECIDED JULY 25, 1910.

Motion for new trial; from city court of Nashville—Judge R. Eve presiding.   December 3, 1909.

*J. P. Knight,* for plaintiff.

*Hendricks & Christian,* for defendant.

RUSSELL, J.   We think that  the court properly dismissed the motion for a new trial in this case.   Counsel for the plaintiff in error relies upon the decision of this court in the case of *James* v.

*Flannery Co.,* 6 *Ga. App.* 811 (66 S. E. 153), .as sustaining his contention that the court erred in dismissing the motion. It is easily to be seen, from a comparison of the orders granted by the court in the two cases, that nothing ruled in that case is in conflict with what we now hold. In fact our decisions in both cases are based upon the same principle,—to wit, that the judge's order extending the time for perfecting a motion for a new trial must control and fix the rights of the parties to the motion in that respect. In the *Flannery* case we held that as the judge provided that the movant should have until the hearing, *"whenever it may be,"* to prepare and present for approval a brief of the evidence, and' as the motion was regularly continued, with the rights of the movant preserved, the movant had until the hearing to present his brief of evidence; because the order granted in term time expressly said so. In the present case the trial judge did not use any such language in allowing the movant an extension of time in which to complete the motion by presenting for approval a brief of the evidence. After setting the motion to be heard on the 9th day of August, 1909, he ordered "that the movant have until the hearing, as set out, to prepare and present for approval a brief of the evidence in said case, and the presiding judge may enter his approval thereon at any time, either in term or vacation." It is apparent, from the two orders, that the facts in this case and in the *Flannery* case are dissimilar.

1. It is well settled that, strictly speaking, a motion for a new trial is not pending before the court until a brief of the evidence has been prepared and presented to the judge and approved by him. *Taliaferro* v. *Columbus R. Co.,* 130 *Ga.* 570 (61 S. E. 228), and cit.; *Baker* v. *Johnson,* 99 *Ga.* 374 (27 S. E. 706); *Pinnebad* v. *Pinnebad,* 129 *Ga.* 267 (58 S. E. 879). Where the court in its order specifically limits the time within which the brief of evidence must be presented, and no brief is presented within that time, it is not error to dismiss the incomplete and defective motion for a new trial. In the present case, as we construe the order of Judge Peeples, the movant had until the 9th day of August to complete his motion, by making out a brief of testimony and presenting it to the judge. He might present this brief either in term time or vacation, and have it approved by the judge and file it. According to the terms of the order, when he did this, if the motion then

completed was not heard, there was a provision in the order, as well as of law, by which it might stand continued from term to term. It is clear, however, that unless the judge in term time had granted an order extending indefinitely the time within which the brief of the evidence should be presented as a necessary part of the motion, the order of the judge as written would have to be complied with by the movant at his peril.

2. It appears, from the recitals in the bill of exceptions, that this motion for a new trial came on for a hearing on December 3, 1909, before his honor Judge Eve, judge of the city court of Tifton, presiding in the city court of Nashville. Counsel for the movant moved a continuance of the case upon the following grounds: (1) That Judge H. B. Peeples, before whom the case was tried on June 19, 1909, was dead, having died on July 7, 1909. (2) That W. D. Buie, who was sole counsel for the movant at the trial, was qualified and sworn in as judge of the city court of Nashville, to fill the unexpired term of Judge Peeples, on August 4, 1909. (3) That at the time this motion for a new trial was originally set to be heard on August 9, 1909, in term time at Nashville, Ga., at 10 o'clock a. m., there was no qualified judge in the county of Berrien to hear said motion, or from whom an order could be procured extending the time for hearing. (4) That the stenographer who reported the case had not furnished counsel for movant with a record of the evidence, and it was therefore impossible for him to prepare a brief of the evidence. The facts contained in these grounds of the motion for a continuance were stated by counsel to be true, and were not contested. The stenographer stated, that he was not requested to write out the evidence, until four or five months after the trial, and that owing to the fact of Judge Peeples' death and the election of Judge Buie, the original counsel representing Guthrie, and his own illness, with consequent absence from home, and to the fact that he had mislaid a part of the record, and that on account of the extreme length of the record, it was impossible for him to furnish counsel for the movant with the record at that time, but that he would have it prepared and ready within a day or two. As further reason for a continuance, counsel for the movant stated that he was not employed to represent the movant in the motion for a new trial, until the October term, 1909.

By the consent of the movant's counsel the decision of the court

upon the motion for a continuance was suspended, and counsel for the respondent (defendant in error here) moved to dismiss the motion, stating that if the motion to dismiss was not well taken, counsel was willing to agree to a continuance. The written motion to dismiss, filed by counsel for defendant in error, was based upon the following grounds: (*a*) Because no brief of the evidence was filed during the term of the court at which the case was tried, or within 30 days after the trial or the filing of the motion for a new trial. (*b*) The motion for new trial was presented for approval and was approved and filed on June 9, 1909, and the hearing set for August 9, 1909, the movant having until that day only to present for approval the brief of the evidence. No brief was presented on the date the motion was set to come on for hearing, nor was an order taken allowing further time in which to prepare and present for approval a brief of the evidence. (*c*) No brief of the evidence was presented to the court for approval on December 3, 1909, and no order was taken on August 9, 1909, or thereafter, continuing the hearing and allowing the movant further time in which to prepare and present for approval a brief of the evidence. Defendant has waived no right, and moves to dismiss the motion for new trial for the want of a properly approved brief of the evidence, and insists upon dismissing the motion for the want of the same. (*d*) The motion for new trial was filed before the judgment in the case was rendered and signed, and is therefore prematurely filed.

Without considering the first and last grounds, it is sufficient to say that either the second or the third ground was sufficient to authorize the dismissal of the motion for a new trial. The movant was required, by the terms of the order granting an extension of time, to present his brief of evidence for approval on or before August 9, 1909, and he had not done so; but even if, by any construction, it could be held that the terms of the order tended to grant an extension (such as was expressly given in the *Flannery* case) until the hearing, the movant did not then have any brief of evidence, and was asking for time in which to prepare one. None of the facts stated upon the motion for a continuance afforded any just excuse for the movant's failure to prepare a brief of evidence. Three weeks passed before the judge who tried the case died. There was nearly a month thereafter before the mov-

ant's original counsel became judge of the city court, and five days even after Judge Buie's election still remained in which the movant might have had a brief of evidence prepared by another attorney, and yet he did not employ counsel to take the place of Judge Buie until two months after that time. There is nothing in the insistence that by reason of Judge Buie's disqualification a qualified judge could not be obtained. Under the provisions of the Civil Code of 1895, §§ 4327-4329, even if a judge of another city court could not be obtained, nor any judge of the superior court induced to come, a judge pro hac vice could have been selected, with the consent of the respondent, who could have continued the hearing, because it had been set for a day in term time, or who could have approved the brief of evidence (if that had been insisted upon), as well as any other than the deceased judge who had tried the case. If the movant had his brief of evidence prepared and counsel for the opposite party would not agree with him upon some attorney to act as judge pro hac vice, then it would have been the duty of the clerk to select one. If, however, as we stated above, there had been any good reason why the brief of evidence was not presented at the time fixed for that purpose in the original order of the trial judge, the plaintiff in error still has no reason to complain of the dismissal of the motion, under the circumstances and upon the showing made before Judge Eve; for nearly six months had then elapsed, and no matter how the original order might be construed, the case was up for a hearing and the movant still had no brief of evidence prepared, nor had he made any effort to prepare one for presentation; consequently the motion for a new trial was so fatally defective that its dismissal was demanded.

It is apparent to us, as it must have been to the judge in the court below, that the attorneys for the movant depended entirely upon the stenographer to prepare the brief of evidence. We therefore think it not inappropriate to make a few remarks upon the subject of counsel's duty with relation to the brief of evidence. In the progress of our modern civilization the stenographer has become an almost indispensable adjunct in the administration of justice; but as related to counsel, the fact that the stenographer fails to do his duty, or is unavoidably prevented from doing it, is only of such value, when offered as the excuse or reason why

counsel has not done his, as the court to whom the excuse is addressed sees proper to attach to it.   The non-performance of a duty by the stenographer would not generally afford any reason why counsel, upon whom is imposed the duty of preparing a brief of evidence in moving for a new trial, has not discharged this duty. It is, of course, much easier to prune down the record prepared by an official stenographer than to prepare for oneself a brief of the testimony.   But in any trial, if the stenographer is the employee of the movant or his counsel, the stenographer's failure to perform his duty would be no excuse for the principal; and if he is not an employee of the movant,—for instance, if he is the official stenographer,—he owes no duty to the parties litigant other than as directed by the trial judge.   Custom in different jurisdictions may vary, limiting or extending the duty of the official stenographer to furnish copies of the record to the counsel engaged in a case, but in every case the practice is subject to be changed by the presiding judge, and the showing must in every case be addressed to a discretion upon his part which can not be controlled by reviewing courts.   It was not shown in this case that Judge Peeples had given any direction, general or special, by which the stenographer was required to furnish copies of the record to the counsel for the movant, nor does this appear from his order fixing the date of the hearing.   Primarily, counsel for the movant is supposed to prepare his own brief of evidence, and in our opinion the salient points in a case would be more distinctly stated, and more wholly immaterial matter would be omitted, if counsel prepared the brief of evidence without regard to the stenographer's notes.   We are certain that generally the brief would be briefer; and the briefer the better.                                   *Judgment affirmed.*