## 3531.   BLOUNT v. THE STATE.

1. Where a motion for a new trial is made, the normal practice requires that the brief of the evidence should be filed either simultaneously with the filing of the motion, or at least at the same term of the court. If the motion is not heard during the term, the judge may allow additional time within which the movant may file the brief of the evidence; but the movant obtains such an extension as a matter of judicial grace, and not as a matter of legal right, and, if the privilege of filing the brief after the expiration of the term is granted conditionally or upon a limitation, the movant must comply with the condition or limitation set in the order, else the judge may legally refuse to approve the brief of the evidence when tendered.

2. "When, by an order passed in term, a motion for new trial is set to be heard on a particular day, and the same order requires the movant to present a brief of evidence to the judge for approval in vacation on another named day prior to that set for the hearing, the judge is without jurisdiction, on the day fixed for the presentation of the brief, to lawfully extend the time for such presentation." *Blackburn* v. *Alabama Midland Railway Co.*, 116 *Ga.* 936 (43 S. E. 366).

3. "It was not error to dismiss a motion for a new trial, where no brief of evidence was made out and tendered for approval within the time prescribed by the order of the judge." *Dublin Hame Works* v. *Ross-Mehan Foundry Co.*, 128 *Ga.* 399 (57 S. E. 683).

DECIDED JULY 25, 1911.

Motion for new trial; from Talbot superior court—Judge Gilbert. May 15, 1911.

*Bull & Smith*, for plaintiff in error.

*George C. Palmer, solicitor-general,* contra.

POWELL, J. It will not be necessary to elaborate the propositions stated in the syllabus. They are well settled by statute and numerous decisions. However, it is deemed expedient to set forth

the order of the judge in refusing to approve the brief of the evidence, as it recites the facts. It is as follows: "Motion for new trial in the above-stated case was filed during the March term, 1911, of Talbot superior court, and provided that the same was to be heard in vacation, on the 8th day of April, 1911, and that the defendant's counsel have until the 1st day of April, 1911, to prepare and perfect a brief of evidence had on the trial of said case, subject to the approval of the court. By subsequent orders the hearing was postponed until May 6th, at which time the solicitor-general moved, in writing, to dismiss said case on the ground that no brief of evidence had been filed and approved in the manner required by law, nor in that pointed out by the order granted to movant. It will be noted from the motion that the same was to be heard in a county other than Talbot, and it necessarily follows that the hearing was in vacation. It also appears that the date allowed for the preparing and perfecting of the brief of evidence was on a different and earlier day than that set for the hearing of the motion. Movant's counsel have submitted affidavits to the effect that they were not aware that a different and earlier date was set for the preparation of the brief of evidence, and this affidavit has been considered. It is no excuse, however, for failing to file the brief as required under the order, that counsel failed to read the same. There having been no brief of evidence filed, as required under the law and by the order allowing further time for same, and the time allowed being an earlier and different date than that set for the trial itself, the motion to dismiss is sustained, and it is therefore considered, ordered, and adjudged that said motion for new trial be and the same is hereby dismissed. See *Blackburn* v. *A. M. Railway Co.,* 116 *Ga.* 936 (43 S. E. 366) ; also, *Eady* v. *A. C. L. R. Co.,* 129 *Ga.* 363 (58 S. E. 895). The rulings in *Napier* v. *Heilker,* 115 *Ga.* 168 (41 S. E. 689), and *Mutual Life Insurance Co.* v. *Hamilton,* 119 *Ga.* 340 (46 S. E. 434), and *Broadway National Bank* v. *Kendrick,* 124 *Ga.* 1053 (53 S. E. 576), have all been thoroughly considered, and it appears that the three last named were all based upon different orders, it appearing that they apply to cases where the date allowed in the order for the presentation and approval of the brief of evidence was not on a different and earlier date than that set for the hearing itself, and in vacation. If the dates named in these orders were in term time, the situation

would be entirely different, and there would be a discretion resting in the court to accept and approve a brief of evidence. But in the case at bar all of the dates named for the hearing and for the presentation of brief of evidence were in vacation."

Additionally it may be stated that the attorneys for the movant made affidavits and presented them to the judge, stating that the practice, as they had known it, had been to allow the movant until the time of the hearing in which to file the brief of the evidence; and that the attorneys in this case so prepared the order taken at the time the motion was originally continued, and did not notice that the judge had changed the order by the insertion of another date, until after the motion to dismiss was filed.

*Judgment affirmed.*