## 4227.   ROGERS *v.* THE STATE.

Under the ruling in *Blount* v. *State,* 9 *Ga. App.* 575 (71 S. E. 877), and rulings cited therein, the judge of the trial court was compelled to dismiss the motion for a new trial, because of the failure to comply with the order, passed during term, requiring that a brief of the evidence should be made out and tendered for approval within a specified time.

DECIDED JULY 23, 1912.

Motion for new trial; from Cobb superior court—Judge Morris. May 11, 1912.

*George F. Gober, Charles H. Griffin,* for plaintiff in error.
*J. P. Brooke, solicitor-general,* contra.

HILL, C. J.  This case is here on exceptions to the judgment dismissing the motion for a new trial. The facts are as follows: During the term of the court at which the verdict of guilty was rendered the defendant filed and had approved his motion for a new trial, and during the term an order was passed setting down the hearing of the motion "on the 11th day of May, 1912, in vacation, at Marietta, Georgia;" and it was further ordered that "movant have until the 4th day of May, 1912, to prepare and file in the clerk's office and present for approval a brief of the evidence in the case, and the presiding judge may enter his approval thereon at any time, either in term or vacation." On the 4th day of May, 1912, the judge of the superior court passed the following order

(after stating the case): "The above-stated motion having been set for the 11th day of May, 1912, at Marietta, in vacation, and, by the terms of the order fixing said hearing, etc., it was ordered that the defendant file in the clerk's office a brief of the evidence on this the 4th day of May, 1912, it appearing to the court that the stenographer has been unable to write out the evidence and furnish the same to counsel for movant, it is ordered that the movant have until the hearing, whenever it may be, to make out, file, and present for approval a brief of the testimony in said case. This 4th day of May, 1912." The above order was passed in vacation. On May 11th, 1912, when the motion for new trial came on to be heard in accordance with the original order passed during the term, the solicitor-general made a motion to dismiss the motion for a new trial, upon the following grounds: "This case was tried and the defendant convicted and a motion for a new trial made during the March term, 1912, of Cobb superior court. The hearing of the motion was fixed by regular order of the court for May 11th, 1912. In the same order movant was directed to file a brief of the evidence and present the same for approval on or by May 4th, 1912. The March term of said court was adjourned on March 23d, 1912. On May 4th, 1912, N. A. Morris, judge of said court, at the request of defendant's counsel, signed an order granting the defendant additional time, to wit, until the hearing of said case, to file and present a brief of the evidence. There was no brief of the evidence filed and presented on or by May 4th, 1912, as required in the original order. Movant says that the order granted by the judge on May 4th, 1912, is a nullity and is void, because the court was not in session and the judge had no jurisdiction to grant said order. Wherefore movant insists that said motion for new trial should be dismissed, because no brief of evidence has been filed and approved in the manner required by law, nor in the manner and within the time pointed out by the order granted to the movant when the court was in session and had jurisdiction of said case." The court granted the motion and dismissed the motion for a new trial.

Under the above recital of facts there was nothing else that the court could do. It has been repeatedly held by the Supreme Court and this court that when, by an order passed in term, a motion for a new trial is set to be heard on a particular day and the same

24

order requires the movant to present a brief of the evidence for the approval of the judge in vacation on another day, prior to that set for the hearing, the judge is without jurisdiction, on the day fixed for the presentation of the brief, to lawfully extend the time for such presentation. *Blackburn* v. *Alabama Midland Railway Co.*, 116 *Ga.* 936 (43 S. E. 366) ; *Blount* v. *State*, 9 *Ga. App.* 575 (71 S. E. 877), and citations. Counsel for the plaintiff in error endeavors to take the case out of this well-settled rule because of the following facts : When the order nisi was made on the original motion the matter of the brief of evidence was discussed by counsel with the presiding judge, who stated to counsel that in the event the court reporter was unable to furnish the record so that the brief could be filed in vacation, he (the judge) would protect the movant. Subsequently, on the 11th day of April, the court was convened in special session, at which time counsel for the movant called up the question of the preparation of the brief of evidence and stated to the court that the stenographer would probably be unable to furnish the record so that the brief could be filed by the time fixed in the original order. At this time, while the court was in session and when an order protecting the movant's rights could have been taken, the court stated to the movant's counsel that he would protect the movant and it would be unnecessary to take an order. On the 4th day of May, the time that the order required that the brief be filed, the stenographer had not presented a brief of the evidence to counsel, and on that day the judge, at the request of counsel for movant, passed an order extending the time for filing the brief of the evidence until the hearing, whenever it might be. It was not disputed that the stenographer had not furnished or written out the evidence, and it was not disputed that the judge had promised movant's counsel in that event to protect the movant in his rights in reference to the filing of the brief of the evidence. The order granted on the 4th day of May showed that the judge endeavored to fulfil his promise, but the trouble was that the judge on that day, in vacation, had no jurisdiction to pass the order, and it was a mere nullity, and therefore could not operate as a protection to the movant. Under the facts, in the absence of any order to extend the time for the preparation and the filing of the brief of the testimony, taken in term, the judge was without any power to fulfil his promise to protect the movant. The law took

away from him any jurisdiction to pass the order on May 4th, in vacation; and, there being no brief of evidence prepared and filed on that day, as provided by the order previously passed in term, the judge was absolutely without jurisdiction to pass any order in the case, and he was bound to dismiss the motion, in obedience to the repeated rulings of the Supreme Court and of this court. It has also been repeatedly held that the failure or inability of the stenographer to furnish to counsel for the movant a transcript of his notes of the brief of the testimony in time to make a brief to present to the court furnishes to the movant no excuse for his failure to do so. *Guthrie* v. *Hendley,* 8 *Ga. App.* 101 (68 S. E. 654), and citations.

Counsel for the plaintiff in error requests that we review and reverse the decision in *Blount* v. *State,* supra. We can not comply with this request. That decision announces no novel or original proposition of law, but simply follows the repeated rulings of the Supreme Court on the same subject. Under the facts recited in the bill of exceptions as approved by the trial judge, we would personally be glad to give the movant an opportunity to present and have heard his motion for a new trial, but, under the repeated rulings controlling this case, we are powerless to do so, and, under the conceded facts, the judgment dismissing the motion for a new trial must be *Affirmed.*