### 13506. STARKE *v.* HUNT.

JENKINS, P. J. 1. "All motions for a new trial must be made during the term at which the trial was had; and when the term continues longer than 30 days, the application shall be filed within 30 days from the trial. A brief of the evidence is essential to the validity of the motion for a new trial. *Moxley* v. *Ga. Ry. & Elec. Co.,* 122 *Ga.* 493 (50 S. E. 339). And where no brief of the evidence is filed, and no order is taken extending the time when such brief may be filed, a motion for new trial will be dismissed." *Reed* v. *Warnock,* 146 *Ga.* 483, 485 (91 S. E. 545); *Taliaferro* v. *Columbus R. Co.,* 130 *Ga.* 570 (61 S. E. 228).

2. "When the time for filing in vacation a brief of evidence to accompany a motion for new trial is expressly limited by an order of the court, and the brief is not filed within that time, it is not erroneous to dismiss the motion; nor will this court reverse the action of the trial judge in refusing to accept as a sufficient excuse for not duly filing a brief of evidence the failure of the circuit stenographer from illness or any other cause, to write out the evidence." *Western & Atlantic R. Co.* v. *Callaway,* 111 *Ga.* 889 (36 S. E. 967); *Bryant* v. *Gray,* 105 *Ga.* 483 (30 S. E. 732); *Lambert Hoisting Engineer Co.* v. *Bray,* 127 *Ga.* 452 (56 S. E. 513); *Dykes* v. *Brock,* 128 *Ga.* 395, 397 (57 S. E. 700); *Eason* v. *Mayor &c. of Americus,* 106 *Ga.* 179 (32 S. E. 106); *Ward* v. *Ward,* 134 *Ga.* 714, 716 (68 S. E. 478); *Kennedy* v. *Dukes,* 137 *Ga.* 209 (3) (73 S. E. 400); *Wilson* v. *Wilson,* 142 *Ga.* 110 (82 S. E. 484); *Guthrie* v. *Hendley,* 8 *Ga. App.* 101 (68 S. E. 654); *Rogers* v. *State,* 11 *Ga. App.* 638, 371 (75 S. E. 360).

3. "An entry of default is not a final judgment, nor is a judgment granting or refusing to grant a motion to open a default." *Farmers Bank* v. *Pirkle,* 9 *Ga. App.* 583 (71 S. E. 946). In the instant case the plaintiff's exceptions pendente lite to the failure of the trial court to adjudge the case in default, and to strike the answer of the defendant, presenting no question upon a final judgment or upon a judgment which, if rendered in accordance with the plaintiff's contention would have been final, matters presented by such exceptions cannot be considered. Moreover, even were the judgment such as would of itself support a writ of error, the motion for new trial having been dismissed, the plaintiff in error "cannot, after the time for bringing such direct bill of exceptions has expired, in a writ of error complaining of the dismissal of the motion for a new trial, assign error on such exceptions pendente lite so as to have them considered by this court." *Reed* v. *Warnock,* supra.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 17, 1923.

Motion for new trial; from Hall superior court — Judge J. B. Jones.   January 14, 1922.

*Eb. T. Williams, W. I. Heyward, W. N. Oliver,* for plaintiff in error.

*W. B. Sloan, Howard Thompson,* contra.