23879. DREW *v.* DREW.

DECIDED FEBRUARY 12, 1935.

*Cleveland Rees,* for plaintiff in error.

*Hollis Fort, M. A. Walker,* contra.

SUTTON, J. A judgment having been rendered against the defendant at the October term, 1933, of the court, he filed during that term a motion for a new trial, and an order was taken setting the motion to be heard in vacation on October 28, 1933; and it was provided therein that the movant have until October 14, 1933, to prepare and present for approval a brief of the evidence. The brief of the evidence was not presented in the time allowed by the

order, and on the date set for hearing the motion the respondent moved to dismiss it on the ground that no brief of the evidence had been presented to the court for approval. The movant made a motion for more time in which to prepare and present a brief of the evidence, and to postpone the hearing. The judge denied the motion to postpone, and dismissed the motion for a new trial, on the ground that no brief of the evidence had been prepared and presented for approval, under the terms of the order. To this judgment the movant excepted.

When in term an order is passed fixing the date for a motion for a new trial to be heard in vacation, and the same order requires the movant to present a brief of the evidence to the judge for approval in vacation on another day, prior to that set for hearing the motion for new trial, and no brief is presented to the judge on that date, and on that date the movant moves that the court grant him more time to prepare and present a brief of the evidence, it is not error to dismiss the motion for new trial on the ground that no brief of the evidence has been presented for approval as required by the order of the court. *Blackburn* v. *Alabama Midland Ry. Co.*, 116 *Ga.* 936 (43 S. E. 366) ; *Blount* v. *State*, 9 *Ga. App.* 575 (71 S. E. 877) ; *Rogers* v. *State*, 11 *Ga. App.* 368 (75 S. E. 360) ; *Starke* v. *Hunt*, 29 *Ga. App.* 397 (115 S. E. 505) ; *Shirley* v. *Morgan*, 170 *Ga.* 324, 327 (152 S. E. 831) ; *Eason* v. *Americus*, 106 *Ga.* 179 (32 S. E. 106) ; *Ward* v. *Ward*, 134 *Ga.* 714 (68 S. E. 478) ; *Boatright* v. *State*, 91 *Ga.* 13 (16 S. E. 101) ; *W. & A. R. Co.* v. *Callaway*, 111 *Ga.* 889 (36 S. E. 967) ; *Nichols Contracting Co.* v. *Allen*, 42 *Ga. App.* 306 (155 S. E. 770).

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., dissents.*

STEPHENS, J., dissenting. The defendant's motion for a new trial was, by an order passed in term time, set for a hearing on October 28, 1933, which was in vacation, but the time within which to present for approval a brief of the evidence was limited to October 14. No brief of evidence was presented for approval within the time required. On the 28th of October, when the case came on for a hearing as set by the order, counsel for the respondent moved to dismiss the motion for a new trial, on the ground that no brief of evidence had been presented to the court for approval. Counsel for the movant thereupon moved for a postponement of

the hearing of the motion for a new trial for the purpose of affording the movant an opportunity to prepare and present for approval a brief of evidence. The court thereupon sustained the respondent's motion to dismiss the motion for a new trial, which was made upon the ground that no brief of evidence had been presented for approval within the time required, and dismissed the motion for a new trial upon the express ground, as stated by the court in the judgment of dismissal, that the court "is of the opinion that under the principles of law prevailing in this State, this court is without authority to do otherwise than dismiss said motion upon the ground urged, and accordingly said motion is dismissed." Thus the court refused the movant's motion to postpone the hearing and to extend the time for presentation of the brief of evidence for approval. In the bill of exceptions error is assigned by the movant upon the judgment overruling the motion to postpone the hearing on the motion for a new trial and give the movant an opportunity to prepare and present for approval a brief of the evidence, and also upon the judgment dismissing the motion for a new trial upon the grounds stated. The bill of exceptions, after referring to the rulings on the motions as indicated above, assigned error thereon in the following language: "The court heard both motions together, took the matter under advisement, and passed an order dismissing defendant's motion for a new trial, on the ground that no other course was open under the law; to which judgment overruling defendant's motion for a new trial and refusing to grant defendants several motions as presented in writing at the hearing of said motion for new trial, the defendant then and there excepted, and now excepts, and assigns said ruling and judgment as error, as being contrary to law, and says that said judge should have granted defendant's said several motions and prayers for postponement of the hearing of said motion for a new trial, for an opportunity to prepare and present for approval a brief of evidence, and for an order requiring plaintiff to produce the documentary evidence in his hands for use in the preparation of the brief of evidence, and should not have dismissed defendant's motion for new trial." The assignment of error is sufficient to present for consideration the question as to the jurisdiction of the court to extend the time for filing a brief of evidence.

The question, as I understand it, is whether the court erred in

holding that it did not, upon the date when the motion for a new trial came on for a hearing, have jurisdiction to extend the time within which to present for approval a brief of the evidence, where, under the order passed in term time setting the motion for a hearing in vacation, the time provided therein for the presentation for approval of the brief of evidence had expired.

In the case of *Broadway National Bank* v. *Kendrick*, 124 *Ga.* 1053 (53 S. E. 576), where in term time, on February 25, 1905, the court passed an order requiring the respondent in a motion for a new trial, to show cause during the term why the motion should not be granted, and gave the movant until March 16, 1905, to file a brief of the evidence, and, until the hearing, to complete its motion, and on March 15 passed an order extending until March 20 the time within which the movant should present a brief of the evidence, and on the latter date extended this time until March 24, and where the order of March 15 extending the time for the presentation of a brief of the evidence was illegal and a nullity because the court, upon that date, was not in session and had no jurisdiction to pass the order, and, when the motion came on for a hearing on March 24, the court, on motion of the respondent to dismiss the motion for a new trial "for want of a brief of evidence filed according to law," dismissed the motion for a new trial upon the ground that, since the order extending the time for the filing of the brief of the evidence "was improvidently granted," the court at the time was "without authority to grant said extension of time," it was held by the Supreme Court, that, "when the motion came on for a hearing, it was within the discretion of the court to decline to dismiss it on the ground that the brief of the evidence had not been filed within the time limited by the original order, if the movant was not chargeable with laches in failing to comply with the terms thereof." The court, in the opinion, said: "So long as the court has jurisdiction over the motion, it may, in its discretion, extend the time for filing a brief of the evidence. [Citations.] Accordingly, when the motion filed in this case came on to be heard on March 24, it was within the power of the judge, notwithstanding the rights of the movant had not been preserved by the ex parte orders of March 15 and March 20, to approve the brief of the evidence and hear the motion on its merits. Of course, it would have been proper for the judge to call upon movant's counsel

to show cause why the brief of evidence had not been filed in accordance with the terms of the original order of February 25, and what reasons counsel had for invoking the ineffectual order of March 15, purporting to grant further indulgence.  However, as it is apparent that the judge did not undertake to exercise any discretion in the matter, but sustained the motion to dismiss upon the idea that the order passed on the date last named was a nullity and the court was without jurisdiction to deal with the motion for a new trial on its merits, because the brief of evidence had not been filed on or before March 16, the judgment of dismissal should be reversed [citation] to the end that the movant may have an opportunity of showing to the satisfaction of the court that the failure to comply with the terms of its original order was not due to the laches of counsel, if such be the truth of the matter."

The only difference in the case of *Broadway National Bank* v. *Kendrick,* supra, and the case now before the court is that in *Broadway National Bank* v. *Kendrick* the motion for a new trial was set for a hearing in term time, while in the case before the court the motion for a new trial was set for a hearing in vacation. This distinction is not material, and does not affect the application to the case before the court of the principle laid down in *Broadway National Bank* v. *Kendrick*.  Where an order is passed in term time setting the hearing of a motion for a new trial in vacation, the term of the court, for the purpose of hearing the motion, remains open and is extended until the date set for the hearing.  *Blakely Hardwood Lumber Co.* v. *Reynolds Bros. Lumber Co.,* 173 *Ga.* 602 (160 S. E. 775); *Herz* v. *Frank,* 104 *Ga.* 638 (30 S. E. 797).  The court, upon the date set for the hearing, although the date is in vacation, is, as respects its jurisdiction to hear the motion for a new trial and pass orders relative thereto, in term time.

The case of *Broadway National Bank* v. *Kendrick,* supra, seems to be controlling of the question here presented.  The following cases recognize the principle of that case: *Thomas* v. *Dockins,* 75 *Ga.* 347; *Napier* v. *Heilker,* 115 *Ga.* 168 (41 S. E. 689); *Security Ins. Co.* v. *Jackson,* 171 *Ga.* 891 (157 S. E. 93).  It seems, therefore, that the court, on the date set for the hearing of the motion for a new trial, which was in vacation, erred in overruling the motion for an extension of time within which to file a brief of the

evidence, and in dismissing the motion for a new trial upon the express ground that the court *had no authority to do otherwise than dismiss the motion*. This necessarily meant that the court dismissed the motion upon the ground that it had no authority under the circumstances to extend the time within which to present a brief of the evidence.

The following cases, in so far as they hold that it was proper to dismiss the motion for a new trial when it came on for a hearing, upon the ground that the brief of evidence had not been presented for approval within the time required, are clearly distinguishable: *Blackburn* v. *Alabama Midland Ry. Co.*, 116 *Ga.* 936 (43 S. E. 366) ; *Guthrie* v. *Hendley*, 8 *Ga. App.* 101 (68 S. E. 654) ; *Blount* v. *State*, 9 *Ga. App.* 575 (71 S. E. 877) ; *Rogers* v. *State*, 11 *Ga. App.* 368 (75 S. E. 360) ; *Nichols Contracting Co.* v. *Allen*, 42 *Ga. App.* 306 (155 S. E. 770) ; *Starke* v. *Hunt*, 29 *Ga. App.* 397 (115 S. E. 505). It does not appear in any of these cases that the brief of evidence was presented for approval upon the hearing of the motion for a new trial, or that at that time any motion was made for an extention of time for the presentation of a brief of evidence. No question as to the court's discretion is presented.

I am of the opinion that the court erred in dismissing the motion for a new trial on the ground stated. I therefore can not concur in the judgment of affirmance.